1  Alfredo A. Bismonte (Cal. Bar. No. 136154)
2  Kimberly P. Zapata (Cal. Bar. No. 138291)
   Jeremy M. Duggan (Cal. Bar No. 229854)
3  Beck, Bismonte & Finley, LLP
   150 Almaden Blvd, 10th Floor
4  San Jose, CA 95113
   Tel: (408) 938-7900
5  Fax: (408) 938-0790
   Email: abismonte@beckllp.com
6         kzapata@beckllp.com
          jduggan@beckllp.com
7
   *Of counsel (subject to pro hac vice admission)*
8  Wesley W. Whitmyer, Jr.
   Benjamin J. Lehberger
9  Benjamin C. White
   ST. ONGE STEWARD JOHNSTON & REENS LLC
10 986 Bedford Street
   Stamford, Connecticut 06905
11 Tel: (203) 324-6155
   Fax: (203) 327-1096
12 Email: wwhitmyer@ssjr.com
          blehberger@ssjr.com
13        bwhite@ssjr.com
          litigation@ssjr.com
14
   Attorneys for Plaintiff, Karl Storz
15 Endoscopy-America, Inc.

# UNITED STATES COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARL STORZ ENDOSCOPY-AMERICA, INC. | **Case No.** |
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | |
| STRYKER CORPORATION, AND STRYKER COMMUNICATIONS, INC. | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff for its complaint against Defendants alleges as follows:

COMPLAINT FOR PATENT INFRINGEMENT            1

## THE PARTIES

1. Plaintiff Karl Storz Endoscopy-America, Inc., ("KSEA") is a California corporation having a principal place of business at 2151 E. Grand Avenue, El Segundo, California 90245.

2. Upon information and belief, Defendant Stryker Corporation is a Michigan corporation having a principal place of business at 2825 Airview Boulevard, Kalamazoo, Michigan 49002 and has a division, Stryker Endoscopy, having a principal place of business at 5900 Optical CT, San Jose, California, 95138-1400.

3. Upon information and belief, Defendant Stryker Communications, Inc. is a Delaware corporation having a principal place of business at 1410 Lakeside Parkway, #100, Flower Mound, Texas 75028.

4. Stryker, Inc. and Stryker Communications, Inc. are collectively referred to as "Stryker" or "Defendants."

## JURISDICTION AND VENUE

5. This action by Plaintiff is for damages and injunctive relief from patent infringement by Defendants, and arises under the United States Patent Laws, particularly 35 U.S.C. §271 et seq.

6. Subject matter jurisdiction is based on 28 U.S.C. § 1331 and 1338(a).

7. Venue is based on 28 U.S.C. §1391(b), 1391(c), and/or 1400(b).

8. On information and belief, Defendants systematically transact and do business in this District by, *inter alia,* Stryker Corporation having a principal place of business in this District and having manufactured, having offered for sale, having sold, continuing to manufacture, continuing to offer for sale, and/or continuing to sell infringing products and/or services, including but not limited to SwitchPoint Infinity 3, SwitchPoint Element, 1488 cameras, Sidne, and related products, services, and components, in the Northern District of California.

9. Upon information and belief, venue is proper and Defendants are subject to personal jurisdiction in this District.

### INTRADISTRICT ASSIGNMENT

10. Assignment on a district-wide basis is proper pursuant to the District's assignment plan and Civil Local Rule 3-2(c) because this is an intellectual property action.

### The Patents

11. Plaintiff is the owner of the entire right, title and interest in and to United States Patent No. 8,069,420 ("the '420 patent"), entitled "System for Controlling the Communication of Medical Imaging Data," which was duly and legally issued by the United States Patent and Trademark Office on November 29, 2011.  Defendant has been on notice of the '420 patent since at least as early as July 25, 2013.  A copy of the patent is attached as Exhibit A.

12. Plaintiff is the owner of the entire right, title and interest in and to United States Patent No. 7,471,310 ("the '310 patent"), entitled "Intelligent Camera Head," which was duly and legally issued by the United States Patent and Trademark Office on December 30, 2008.  A copy of the patent is attached as Exhibit B.

13. Plaintiff is the owner of the entire right, title and interest in and to United States Patent No. 7,821,530 ("the '530 patent"), entitled "Intelligent Camera Head," which was duly and legally issued by the United States Patent and Trademark Office on October 26, 2010.  A copy of the patent is attached as Exhibit C.

14. Plaintiff is the owner of the entire right, title and interest in and to United States Patent No. 7,844,657 ("the '657 patent"), entitled "System for Controlling Medical Devices," which was duly and legally issued by the United States Patent and Trademark Office on November 30, 2010.  A copy of the patent is attached as Exhibit D.

### Count I: Infringement of the '420 Patent

15. Paragraphs 1 through 11 are incorporated by reference as if fully restated herein.

16. Upon information and belief, Defendants have been and still are directly infringing one or more claims of the '420 patent under 35 U.S.C. § 271 (a) by making, using, selling, offering for sale, and/or importing the SwitchPoint Infinity 3 and SwitchPoint Element products along with sources of and destinations for medical imaging data (hereinafter "infringing Switchpoint products") without the authorization of Plaintiff.

17. Upon information and belief, Defendants have been and still are inducing others to infringe one or more claims of the '420 patent under 35 U.S.C. § 271(b) by their sale of the infringing Switchpoint products. Upon information and belief, Defendants have purposefully and voluntarily placed infringing Switchpoint products in the stream of commerce with the expectation that those products will be purchased by end users in the Northern District of California and elsewhere in the United States. Upon information and belief, Defendants' sales of infringing Switchpoint products have been and are made with the specific intent that those products be used to infringe the '420 patent.

18. Upon information and belief, Defendants have been and still are contributing to the infringement of one or more claims of the '420 patent by others under 35 U.S.C. § 271(c) by their sale of the infringing Switchpoint products. Upon information and belief, the infringing Switchpoint products are material to practicing the invention of the '420 patent, have no substantial non-infringing uses, and are known to Defendants to be especially made or especially adapted for use in infringing the '420 patent.

19. Plaintiff has been damaged by loss of sales and customers by Defendants' infringement of the '420 patent, and claims all damages, including but not limited to lost sales and profits and reasonable royalties, to which it is entitled.

20. The harm to Plaintiff resulting from the infringing acts of Defendants is irreparable, continuing, not fully compensable by money damages, and will continue unless permanently enjoined by this Court.

**Count II: Infringement of the '310 Patent**

21.     Paragraphs 1 through 10 and 12 are incorporated by reference as if fully restated herein.

22.     Upon information and belief, Defendants have been and still are directly infringing one or more claims of the '310 patent under 35 U.S.C. § 271 (a) by making, using, selling, offering for sale, and/or importing the 1488 camera product without the authorization of Plaintiff.

23.     Upon information and belief, Defendants have been and still are inducing others to infringe one or more claims of the '310 patent under 35 U.S.C. § 271(b) by their sale of the 1488 camera product.  Upon information and belief, Defendants have purposefully and voluntarily placed the 1488 camera product in the stream of commerce with the expectation that it will be purchased by end users in the Northern District of California and elsewhere in the United States.  Upon information and belief, Defendants' sales of the 1488 camera product have been and are made with the specific intent that it be used to infringe the '310 patent.

24.     Upon information and belief, Defendants have been and still are contributing to the infringement of one or more claims of the '310 patent by others under 35 U.S.C. § 271(c) by their sale of the 1488 camera product.  Upon information and belief, the 1488 camera product is material to practicing the invention of the '310 patent, has no substantial non-infringing uses, and is known to Defendants to be especially made or especially adapted for use in infringing the '310 patent.

25.      Plaintiff has been damaged by loss of sales and customers by Defendants' infringement of the '310 patent, and claims all damages, including but not limited to lost sales and profits and reasonable royalties, to which it is entitled.

26.     The harm to Plaintiff resulting from the infringing acts of Defendants is irreparable, continuing, not fully compensable by money damages, and will continue unless permanently enjoined by this Court.

### Count III: Infringement of the '530 Patent

27. Paragraphs 1 through 10 and 13 are incorporated by reference as if fully restated herein.

28. Upon information and belief, Defendants have been and still are directly infringing one or more claims of the '530 patent under 35 U.S.C. § 271 (a) by making, using, selling, offering for sale, and/or importing the 1488 camera product without the authorization of Plaintiff.

29. Upon information and belief, Defendants have been and still are inducing others to infringe one or more claims of the '530 patent under 35 U.S.C. § 271(b) by their sale of the 1488 camera product. Upon information and belief, Defendants have purposefully and voluntarily placed the 1488 camera product in the stream of commerce with the expectation that it will be purchased by end users in the Northern District of California and elsewhere in the United States. Upon information and belief, Defendants' sales of the 1488 camera product have been and are made with the specific intent that it be used to infringe the '530 patent.

30. Upon information and belief, Defendants have been and still are contributing to the infringement of one or more claims of the '530 patent by others under 35 U.S.C. § 271(c) by their sale of the 1488 camera product. Upon information and belief, the 1488 camera product is material to practicing the invention of the '530 patent, has no substantial non-infringing uses, and is known to Defendants to be especially made or especially adapted for use in infringing the '530 patent.

31. Plaintiff has been damaged by loss of sales and customers by Defendants' infringement of the '530 patent, and claims all damages, including but not limited to lost sales and profits and reasonable royalties, to which it is entitled.

32. The harm to Plaintiff resulting from the infringing acts of Defendants is irreparable, continuing, not fully compensable by money damages, and will continue unless permanently enjoined by this Court.

**Count IV: Infringement of the '657 Patent**

33. Paragraphs 1 through 10 and 14 are incorporated by reference as if fully restated herein.

34. Upon information and belief, Defendants have been and still are directly infringing one or more claims of the '657 patent under 35 U.S.C. § 271 (a) by making, using, selling, offering for sale, and/or importing the SwitchPoint Infinity 3, SwitchPoint Element, and Sidne products along with medical devices for communicating therewith without the authorization of Plaintiff.

35. Upon information and belief, Defendants have been and still are inducing others to infringe one or more claims of the '657 patent under 35 U.S.C. § 271(b) by their sale of the products identified in paragraph 33.  Upon information and belief, Defendants have purposefully and voluntarily placed the products identified in paragraph 33 in the stream of commerce with the expectation that those products will be purchased by end users in the Northern District of California and elsewhere in the United States.  Upon information and belief, Defendants' sales of the products identified in paragraph 33 have been and are made with the specific intent that those products be used to infringe the '657 patent.

36. Upon information and belief, Defendants have been and still are contributing to the infringement of one or more claims of the '657 patent by others under 35 U.S.C. § 271(c) by their sale of the products identified in paragraph 33.  Upon information and belief, the products identified in paragraph 33 are material to practicing the invention of the '657 patent, have no substantial non-infringing uses, and are known to Defendants to be especially made or especially adapted for use in infringing the '657 patent.

37. Plaintiff has been damaged by loss of sales and customers by Defendants' infringement of the '657 patent, and claims all damages, including but not limited to lost sales and profits and reasonable royalties, to which it is entitled.

38. The harm to Plaintiff resulting from the infringing acts of Defendants is irreparable, continuing, not fully compensable by money damages, and will continue unless permanently enjoined by this Court.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

A. That Defendants be adjudicated and decreed to have infringed, contributed to the infringement of, and/or induced the infringement of the '420 patent.

B. That a permanent injunction be entered against the Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with the Defendants who receive actual notice of the injunction by personal service or otherwise, from any further infringement of the '420 patent pursuant to 35 U.S.C. § 283;

C. That Defendants be adjudicated and decreed to have infringed, contributed to the infringement of, and/or induced the infringement of the '310 patent.

D. That a permanent injunction be entered against the Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with the Defendants who receive actual notice of the injunction by personal service or otherwise, from any further infringement of the '310 patent pursuant to 35 U.S.C. § 283;

E. That Defendants be adjudicated and decreed to have infringed, contributed to the infringement of, and/or induced the infringement of the '530 patent.

F. That a permanent injunction be entered against the Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with the Defendants who receive actual notice of the injunction by personal service or otherwise, from any further infringement of the '530 patent pursuant to 35 U.S.C. § 283;

G. That Defendants be adjudicated and decreed to have infringed, contributed to the infringement of, and/or induced the infringement of the '657 patent.

H. That a permanent injunction be entered against the Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with the Defendants who receive actual notice of the injunction by personal service or otherwise, from any further infringement of the '657 patent pursuant to 35 U.S.C. § 283;

I. That Plaintiff be awarded its damages, suffered by reason of the infringements by Defendants, together with prejudgment interest;

J. That the damages awarded to Plaintiff be trebled pursuant to 35 U.S.C. § 284 due to the willful acts of infringement complained of herein;

K. That this be declared an exceptional case pursuant to 35 U.S.C. § 285;

L. That Plaintiff be awarded its attorney's fees and costs; and

M. That Plaintiff be awarded any other and further relief that this Court may deem just and proper.

## **Jury Demand**

Plaintiff demands a trial by jury on all claims and issues so triable.

Beck, Bismonte & Finley, LLP

Date: February 26, 2014　　　　　　　　By:   /s/   Alfredo Bismonte
　　　　　　　　　　　　　　　　　　　　　Alfredo Bismonte
　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　　　　Karl Storz Endoscopy-America, Inc.

COMPLAINT FOR PATENT INFRINGEMENT                9