Gregory J. Vogler (*pro hac vice*)
Email: gvogler@mcandrews-ip.com
Robert A. Surrette (*pro hac vice*)
Email: bsurrette@mcandrews-ip.com
Merle S. Elliott (*pro hac vice*)
Email: melliott@mcandrews-ip.com
Caroline A. Teichner (*pro hac vice*)
Email: cteichner@mcandrews-ip.com
McANDREWS, HELD & MALLOY, LTD.
500 West Madison Street, 34th Floor
Chicago, Illinois 60661
Telephone:  (312) 775-8000
Facsimile:  (312) 775-8100

William R. Overend (SBN 180209)
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, California 94105-3659
Telephone:  (415) 543-8700
Facsimile:  (415) 391-8269
Email:  woverend@reedsmith.com

Attorneys for Defendants,
STRYKER CORPORATION and
STRYKER COMMUNICATIONS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| KARL STORZ ENDOSCOPY-AMERICA, INC.,<br><br>                    Plaintiff,<br><br>          v.<br><br>STRYKER CORPORATION and<br>STRYKER COMMUNICATIONS, INC.,<br><br>                    Defendants. | Case No. CV 14-00876 RS<br><br>**DEFENDANTS' ANSWER<br>AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**REDACTED VERSION OF DOCUMENTS<br>SOUGHT TO BE SEALED** |

**ANSWER TO COMPLAINT**

Defendants, Stryker Corporation and Stryker Communications, Inc. (collectively "Stryker"), through their counsel, hereby set forth their Answer to the Complaint for Patent Infringement filed by Plaintiff, Karl Storz Endoscopy-America, Inc., as follows:

**THE PARTIES**

1.      Stryker is without information to form a belief as to the truth of these allegations, and, accordingly, denies the allegations.

2.      Admitted.

3.      Admitted.

4.      Stryker admits that Plaintiff refers to Stryker Corporation and Stryker Communications, Inc. collectively as "Stryker."

**JURISDICTION AND VENUE**

5.      Stryker admits that Plaintiff's action is for damages and injunctive relief from alleged patent infringement by Stryker.  Stryker further admits that Plaintiff alleges that its cause of action arises under the Patent Laws of the United States, particularly 35 U.S.C. § 271 *et seq.*

6.      Admitted.

7.      Admitted.

8.      Stryker admits that it systematically transacts and does business, and has a principal place of business, in this District.  Except as expressly admitted, Stryker denies all other allegations set forth in Paragraph 8 of the Complaint.

9.      Admitted.

**INTRADISTRICT ASSIGNMENT**

10.      Admitted.

**The Patents**

11.      Stryker is without information to form a belief as to whether Plaintiff is the owner of the entire right, title, and interest in and to the '420 patent, and therefore denies the same. Stryker admits that the '420 patent entitled "System for Controlling the Communication of Medical Imaging Data" was issued by the United States Patent and Trademark Office on

November 29, 2011. Stryker denies that the '420 patent was duly and legally issued. Stryker admits that it has been aware of the '420 patent since at least July 25, 2013. Stryker admits that a copy of the '420 patent was attached to the Complaint as Exhibit A.

12.     Stryker is without information to form a belief as to whether Plaintiff is the owner of the entire right, title, and interest in and to the '310 patent, and therefore denies the same. Stryker admits that the '310 patent entitled "Intelligent Camera Head" was issued by the United States Patent and Trademark Office on December 30, 2008. Stryker denies that the '310 patent was duly and legally issued. Stryker admits that a copy of the '310 patent was attached to the Complaint as Exhibit B.

13.     Stryker is without information to form a belief as to whether Plaintiff is the owner of the entire right, title, and interest in and to the '530 patent, and therefore denies the same. Stryker admits that the '530 patent entitled "Intelligent Camera Head" was issued by the United States Patent and Trademark Office on October 26, 2010. Stryker denies that the '530 patent was duly and legally issued. Stryker admits that a copy of the '530 patent was attached to the Complaint as Exhibit C.

14.     Stryker is without information to form a belief as to whether Plaintiff is the owner of the entire right, title, and interest in and to the '657 patent, and therefore denies the same. Stryker admits that the '657 patent entitled "System for Controlling Medical Devices" was issued by the United States Patent and Trademark Office on November 30, 2010. Stryker denies that the '657 patent was duly and legally issued. Stryker admits that a copy of the '657 patent was attached to the Complaint as Exhibit D.

### Count I: Purported Infringement of the '420 Patent

15.     Stryker incorporates by reference its responses to the preceding allegations of Paragraphs 1 through 11 above as though stated herein.

16.     Stryker denies each and every allegation set forth in Paragraph 16.

17.     Stryker denies each and every allegation set forth in Paragraph 17.

18.     Stryker denies each and every allegation set forth in Paragraph 18.

19.     Stryker denies each and every allegation set forth in Paragraph 19.

20.    Stryker denies each and every allegation set forth in Paragraph 20.

**Count II: Purported Infringement of the '310 Patent**

21.    Stryker incorporates by reference its responses to the preceding allegations of Paragraphs 1 through 10 and 12 above as though stated herein.

22.    Stryker denies each and every allegation set forth in Paragraph 22.

23.    Stryker denies each and every allegation set forth in Paragraph 23.

24.    Stryker denies each and every allegation set forth in Paragraph 24.

25.    Stryker denies each and every allegation set forth in Paragraph 25.

26.    Stryker denies each and every allegation set forth in Paragraph 26.

**Count III: Purported Infringement of the '530 Patent**

27.    Stryker incorporates by reference its responses to the preceding allegations of Paragraphs 1 through 10 and 13 above as though stated herein.

28.    Stryker denies each and every allegation set forth in Paragraph 28.

29.    Stryker denies each and every allegation set forth in Paragraph 29.

30.    Stryker denies each and every allegation set forth in Paragraph 30.

31.    Stryker denies each and every allegation set forth in Paragraph 31.

32.    Stryker denies each and every allegation set forth in Paragraph 32.

**Count IV: Purported Infringement of the '657 Patent**

33.    Stryker incorporates by reference its responses to the preceding allegations of Paragraphs 1 through 10 and 14 above as though stated herein.

34.    Stryker denies each and every allegation set forth in Paragraph 34.

35.    Stryker denies each and every allegation set forth in Paragraph 35.

36.    Stryker denies each and every allegation set forth in Paragraph 36.

37.    Stryker denies each and every allegation set forth in Paragraph 37.

38.    Stryker denies each and every allegation set forth in Paragraph 38.

**RESPONSE TO PRAYER FOR RELIEF**

39.    To the extent that any response to Plaintiff's Prayer for Relief is appropriate, Stryker denies that Plaintiff is entitled to any relief whatsoever.

1

## STRYKER'S AFFIRMATIVE DEFENSES

2     40.     Stryker asserts at this time the following Affirmative Defenses to Plaintiff's

3  Complaint based upon Stryker's present knowledge, information and belief, and without waiving

4  any other affirmative defense that may arise or come to Stryker's attention in the future.

5  Stryker's designation of its defenses as "affirmative" is not intended in any way to alter the

6  burden of proof with regard to any element of Plaintiff's causes of action.

7

## STRYKER'S FIRST AFFIRMATIVE DEFENSE

8     41.     Stryker has not engaged in and is not engaging in any act that constitutes direct

9  infringement, induced infringement, or contributory infringement, either literally or under the

10  doctrine of equivalents, of any valid and enforceable claim of any of the patents-in-suit.

11

## STRYKER'S SECOND AFFIRMATIVE DEFENSE

12     42.     Stryker has not engaged and is not engaging in any act that constitutes willful

13  infringement of any valid and enforceable claim of any of the patents-in-suit.

14

## STRYKER'S THIRD AFFIRMATIVE DEFENSE

15     43.     The claims of the patents-in-suit are invalid for failure to meet one or more of the

16  conditions of patentability as specified in Title 35 of the United States Code, including 35 U.S.C.

17  §§ 102, 103, and/or 112 *et seq*.  No claim of any of the patents-in-suit can be validly construed to

18  cover any product or action of Stryker.

19

## STRYKER'S FOURTH AFFIRMATIVE DEFENSE

20     44.     ████████████████████████████████

21

## STRYKER'S FIFTH AFFIRMATIVE DEFENSE

22     45.     ████████████████████████████████████

23  ████████████████████████████████████████████████

24

## STRYKER'S SIXTH AFFIRMATIVE DEFENSE

25     46.     ████████████████████████████████████

26

## STRYKER'S SEVENTH AFFIRMATIVE DEFENSE

27     47.     Plaintiff's claims are barred in whole or in part by prosecution history estoppel.

28

**STRYKER'S EIGHTH AFFIRMATIVE DEFENSE**

48.     Plaintiff's claims are barred or otherwise limited under principles of equity, including waiver, estoppel, acquiescence, and/or unclean hands.

**STRYKER'S NINTH AFFIRMATIVE DEFENSE**

49.     Plaintiff's right to seek damages is limited or barred, including without limitation by 35 U.S.C. § 287.

**STRYKER'S TENTH AFFIRMATIVE DEFENSE**

50.     Plaintiff is barred by 35 U.S.C. § 288 from recovering any costs associated with this suit.

**STRYKER'S ELEVENTH AFFIRMATIVE DEFENSE**

51.     Plaintiff may not seek injunctive relief against Stryker because the alleged damages are not immediate or irreparable.

**RESERVATION OF AFFIRMATIVE DEFENSES**

52.     Stryker reserves all other affirmative defenses that may now exist or in the future may become available based on discovery or other proceedings and further factual investigation, and specifically reserves the right to amend its pleadings to assert any such additional defenses or claims.

**STRYKER'S COUNTERCLAIMS**

Defendants and Counterclaim-Plaintiffs, Stryker Corporation and Stryker Communications, Inc. (collectively "Stryker"), counterclaim against Plaintiff and Counterclaim-Defendant, Karl Storz Endoscopy-America, Inc. ("KSEA"), as follows:

**THE PARTIES**

1.     Stryker Corporation is a Michigan corporation having a principal place of business at 2825 Airview Boulevard, Kalamazoo, Michigan 49002.

2.     Stryker Communications, Inc. is a Delaware corporation having a principal place of business at 1410 Lakeside Parkway, #100, Flower Mound, Texas 75028.

3.     KSEA, by its Complaint, alleges that it is a California corporation having a principal place of business at 2151 E. Grand Avenue, El Segundo, California 90245.

**JURISDICTION AND VENUE**

4.    These Counterclaims seek declaratory judgment of noninfringement, patent invalidity, and unenforceability arising under the Patent Laws of the United States, Title 35 of the United States Code.  The Counterclaims also seek relief under the laws of the State of California.

5.    This Court has subject matter jurisdiction over Stryker's federal counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.  This Court has supplemental jurisdiction over Stryker's state-law counterclaims pursuant to 28 U.S.C. § 1367.

6.    Venue is based on 28 U.S.C. §§ 1391 and 1400(b).

**The Prior Litigation**

7.    In November 2007, KSEA sued Stryker in the Western District of Tennessee, accusing Stryker's SwitchPoint and SIDNE products, among others, of infringing several of KSEA's patents directed to systems for controlling medical devices and displaying information via touchscreens.  *See Karl Storz Endoscopy-Am., Inc. v. Stryker, Inc. et al.*, Case No. 2:07-cv-02702-JPM-sta (W.D. Tenn.).  The suit was transferred to the Northern District of California in July 2008.  *See Karl Storz Endoscopy-Am., Inc. v. Stryker, Inc. et al.*, Case No. 3:09-cv-00355-JCS (N.D. Cal.) ("*Karl Storz I*").  The parties entered a confidential settlement agreement on February 16, 2012 that resolved all claims in the action ("the Agreement"), a true and correct copy of which is attached hereto as Exhibit A.  The court dismissed *Karl Storz I* with prejudice on February 23, 2012.  *See id.* (Doc. #393).

8.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24



25    10.    No stipulated protective order was entered in *Karl Storz I*. Pursuant to Patent

26  Local Rule 2-2 in effect at the time of *Karl Storz I*, "[t]he Protective Order authorized by the

27  Northern District of California shall govern discovery unless the Court enters a different

28  protective order." Accordingly, the Patent Local Rule 2-2 Interim Model Protective Order ("the

1   Protective Order"), a true and correct copy of which is attached hereto as Exhibit B, governed

2   discovery in *Karl Storz I* by default.

3       11.    The Protective Order contains a Prosecution Bar provision, which states as

4   follows:

5       Absent written consent from the Producing Party, any individual who receives access

6       to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

7       CONFIDENTIAL – SOURCE CODE" information shall not be involved in the

8       prosecution of patents or patent applications relating to [insert subject matter of the

9       invention and of highly confidential technical information to be produced], including

10      without limitation the patents asserted in this action and any patent or application

11      claiming priority to or otherwise related to the patents asserted in this action, before

12      any foreign or domestic agency, including the United States Patent and Trademark

13      Office ("the Patent Office"). . . . This Prosecution Bar shall begin when access to

14      "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

15      CONFIDENTIAL – SOURCE CODE" information is first received by the affected

16      individual and shall end two (2) years after final termination of this action.

17  (*See* Ex. B at ¶ 8.)

18      12.    The Prosecution Bar remained in effect until February 23, 2014, two years after

19  the final termination of *Karl Storz I*.  (*See id.*)

20      13.    KSEA was represented in *Karl Storz I* by, among other attorneys, Wesley W.

21  Whitmyer, Jr. ("Whitmyer") of the St. Onge Steward Johnson & Reens LLC firm.  Whitmyer is

22  presently serving as KSEA's lead counsel in this matter, as well.

23      14.    Throughout their representation of KSEA during *Karl Storz I*, Whitmyer and

24  other KSEA counsel received access to a substantial amount of information relating to at least

25  Stryker's SwitchPoint and SIDNE products that was designated as "HIGHLY CONFIDENTIAL

26  – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the

27  terms of the Protective Order.

28

15.    During the pendency of *Karl Storz I*, Whitmyer and other KSEA counsel personally signed numerous documents submitted to the USPTO while prosecuting the '420 and '657 patents asserted in this action.  On information and belief, Whitmyer and/or other KSEA counsel were engaged in such prosecution activities after having access to Stryker's materials designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE," and thus after being subject to the Prosecution Bar under the Protective Order.  The '420 and '657 patents directly relate to the highly confidential information that Whitmyer and other KSEA counsel received from Stryker.

16.    At no time during the pendency of *Karl Storz I* did KSEA inform Stryker about its applications that ultimately issued as U.S. Patent Nos. 7,471,310; 7,821,530; 7,844,657; and 8,069,420 (i.e., the patents asserted in this action), even though each of those patents issued before the parties entered into the Agreement.  Specifically, the '310 patent issued in December 2008, the '530 patent issued in October 2010, the '657 patent issued in November 2010, and the '420 patent issued in November 2011.

## FIRST COUNTERCLAIM

### (Declaration of Noninfringement, Invalidity, and Unenforceability of the '420 Patent)

17.    Stryker realleges and incorporates by reference each of the allegations set forth above in Paragraphs 1 through 16.

18.    KSEA, by its Complaint, alleges that it is the owner of U.S. Patent No. 8,069,420 ("the '420 patent") and alleges that Stryker infringes the '420 patent.

19.    No product made, used, sold, offered for sale, or imported by Stryker constitutes an infringement, either literal or under the doctrine of equivalents, of any valid and enforceable claim of the '420 patent under any section of 35 U.S.C. § 271.  Stryker has not induced or contributed to, and is not inducing or contributing to, the infringement of any valid and enforceable claim of the '420 patent.

20.    The '420 patent is invalid for failure to meet one or more conditions of patentability as specified in the Patent Laws (Title 35 of the United States Code), including but not limited to 35 U.S.C. §§ 102, 103, and/or 112 *et seq.*

21.    The '420 patent is unenforceable under principles of equity, including waiver, estoppel, acquiescence, and/or unclean hands.

22.    An actual, justiciable controversy therefore exists between the parties by virtue of KSEA's Complaint and Stryker's Answer as to the validity, enforceability, and infringement of the '420 patent.

23.    The baseless allegations of patent infringement made by KSEA against Stryker are causing irreparable damage to Stryker.

24.    Stryker is entitled to judgment by this Court declaring all claims of the '420 patent invalid, unenforceable, and/or not infringed by Stryker.

25.    Since the conduct of KSEA renders this case "exceptional" under 35 U.S.C. § 285, Stryker is entitled to recover its reasonable costs, expenses, and attorneys' fees.

## SECOND COUNTERCLAIM

### (Declaration of Noninfringement and Invalidity of the '310 Patent)

26.    Stryker realleges and incorporates by reference each of the allegations set forth above in Paragraphs 1 through 25.

27.    KSEA, by its Complaint, alleges that it is the owner of U.S. Patent No. 7,471,310 ("the '310 patent") and alleges that Stryker infringes the '310 patent.

28.    No product made, used, sold, offered for sale, or imported by Stryker constitutes an infringement, either literal or under the doctrine of equivalents, of any valid claim of the '310 patent under any section of 35 U.S.C. § 271.  Stryker has not induced or contributed to, and is not inducing or contributing to, the infringement of any valid claim of the '310 patent.

29.    The '310 patent is invalid for failure to meet one or more conditions of patentability as specified in the Patent Laws (Title 35 of the United States Code), including but not limited to 35 U.S.C. §§ 102, 103, and/or 112 *et seq.*

30.    An actual, justiciable controversy therefore exists between the parties by virtue of KSEA's Complaint and Stryker's Answer as to the validity and infringement of the '310 patent.

31.    The baseless allegations of patent infringement made by KSEA against Stryker are causing irreparable damage to Stryker.

32.    Stryker is entitled to judgment by this Court declaring all claims of the '310 patent invalid and/or not infringed by Stryker.

33.    Since the conduct of KSEA renders this case "exceptional" under 35 U.S.C. § 285, Stryker is entitled to recover its reasonable costs, expenses, and attorneys' fees.

## THIRD COUNTERCLAIM

### (Declaration of Noninfringement and Invalidity of the '530 Patent)

34.    Stryker realleges and incorporates by reference each of the allegations set forth above in Paragraphs 1 through 33.

35.    KSEA, by its Complaint, alleges that it is the owner of U.S. Patent No. 7,821,530 ("the '530 patent") and alleges that Stryker infringes the '530 patent.

36.    No product made, used, sold, offered for sale, or imported by Stryker constitutes an infringement, either literal or under the doctrine of equivalents, of any valid claim of the '530 patent under any section of 35 U.S.C. § 271. Stryker has not induced or contributed to and is not inducing or contributing to, the infringement of any valid claim of the '530 patent.

37.    The '530 patent is invalid for failure to meet one or more conditions of patentability as specified in the Patent Laws (Title 35 of the United States Code), including but not limited to 35 U.S.C. §§ 102, 103, and/or 112 *et seq.*

38.    An actual, justiciable controversy therefore exists between the parties by virtue of KSEA's Complaint and Stryker's Answer as to the validity and infringement of the '530 patent.

39.    The baseless allegations of patent infringement made by KSEA against Stryker are causing irreparable damage to Stryker.

40.    Stryker is entitled to judgment by this Court declaring all claims of the '530 patent invalid and/or not infringed by Stryker.

41.    Since the conduct of KSEA renders this case "exceptional" under 35 U.S.C. § 285, Stryker is entitled to recover its reasonable costs, expenses, and attorneys' fees.

## FOURTH COUNTERCLAIM

### (Declaration of Noninfringement, Invalidity, and Unenforceability of the '657 Patent)

42.    Stryker realleges and incorporates by reference each of the allegations set forth above in Paragraphs 1 through 41.

43.    KSEA, by its Complaint, alleges that it is the owner of U.S. Patent No. 7,844,657 ("the '657 patent") and alleges that Stryker infringes the '657 patent.

44.    No product made, used, sold, offered for sale, or imported by Stryker constitutes an infringement, either literal or under the doctrine of equivalents, of any valid and enforceable claim of the '657 patent under any section of 35 U.S.C. § 271.  Stryker has not induced or contributed to, and is not inducing or contributing to, the infringement of any valid and enforceable claim of the '657 patent.

45.    The '657 patent is invalid for failure to meet one or more conditions of patentability as specified in the Patent Laws (Title 35 of the United States Code), including but not limited to 35 U.S.C. §§ 102, 103, and/or 112 *et seq.*

46.    The '657 patent is unenforceable under principles of equity, including waiver, estoppel, acquiescence, and/or unclean hands.

47.    An actual, justiciable controversy therefore exists between the parties by virtue of KSEA's Complaint and Stryker's Answer as to the validity, enforceability, and infringement of the '657 patent.

48.    The baseless allegations of patent infringement made by KSEA against Stryker are causing irreparable damage to Stryker.

49.    Stryker is entitled to judgment by this Court declaring all claims of the '657 patent invalid, unenforceable, and/or not infringed by Stryker.

50.    Since the conduct of KSEA renders this case "exceptional" under 35 U.S.C. § 285, Stryker is entitled to recover its reasonable costs, expenses, and attorneys' fees.

## FIFTH COUNTERCLAIM

### (Breach of Contract — Settlement Agreement)

51.     Stryker realleges and incorporates by reference each of the allegations set forth above in Paragraphs 1 through 50.

52.     The Agreement constitutes a valid and enforceable contract among KSEA and Stryker.

53.     Stryker has duly performed all of the terms, conditions, and covenants required to be performed under the Agreement, except those obligations that have been excused or prevented by KSEA, those obligations that KSEA has waived by its conduct, or those obligations that KSEA is estopped from asserting Stryker has not fully performed as a result of KSEA's conduct as alleged herein.

54.     ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

55.     Stryker has suffered damages as a result of KSEA's breach of the Agreement.

56.     Stryker does not have an adequate remedy at law to prohibit KSEA's continued breach of the Agreement.  Stryker will suffer irreparable harm if KSEA is not compelled to specifically perform its obligations under the Agreement ████████████████████████████████████████████████████████████████████████████████████████████████

## SIXTH COUNTERCLAIM

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

57.     Stryker realleges and incorporates by reference each of the allegations set forth above in Paragraphs 1 through 56.

58.     The Agreement contains an implied covenant of good faith and fair dealing, which obligates KSEA to perform the terms and conditions of the Agreement fairly and in good faith and to refrain from doing any act that would prevent or impede Stryker from performing

1   any or all of the conditions of the contract Stryker agreed to perform, or any act that would

2   deprive Stryker of the benefits of the Agreement.

3          59.     Stryker has duly performed all of the terms, conditions, and covenants required to

4   be performed under the Agreement, except those obligations that have been excused or prevented

5   by KSEA, those obligations that KSEA has waived by its conduct, or those obligations that

6   KSEA is estopped from asserting Stryker has not fully performed as a result of KSEA's conduct

7   as alleged herein.

8          60.     Stryker specifically bargained for the terms of the Agreement and reasonably

9   relied upon KSEA's adherence to such terms.

20         63.     Stryker has suffered damages as a result of KSEA's breach of the implied

21   covenant of good faith and fair dealing.

## SEVENTH COUNTERCLAIM

### (Breach of Contract — Protective Order)

24         64.     Stryker realleges and incorporates by reference each of the allegations set forth

25   above in Paragraphs 1 through 63.

26         65.     The Protective Order constitutes a valid and enforceable contract among KSEA

27   and Stryker.

66.    Stryker has duly performed all of the terms, conditions, and covenants required to be performed under the Protective Order, except those obligations that have been excused or prevented by KSEA, those obligations that KSEA has waived by its conduct, or those obligations that KSEA is estopped from asserting Stryker has not fully performed as a result of KSEA's conduct as alleged herein.

67.    KSEA has breached the Protective Order by, among other things, violating the Prosecution Bar provision via the conduct of its attorneys, particularly Whitmyer, during the prosecution of at least the '420 and '657 patents.

68.    Stryker has suffered damages as a result of this breach of the Protective Order.

## EIGHTH COUNTERCLAIM

### (Fraud)

69.    Stryker realleges and incorporates by reference each of the allegations set forth above in Paragraphs 1 through 68.

70.    As detailed above, KSEA made false representations of fact to Stryker regarding the scope of the Agreement and KSEA's intent in entering the Agreement.

73.   Stryker reasonably relied on KSEA's false representations, particularly in light of the final terms of the Agreement, and did so to its detriment.

74.   As a direct and proximate result of the foregoing misrepresentations of KSEA, Stryker has suffered damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Stryker prays for judgment as follows:

a.   That KSEA's Complaint be dismissed in its entirety with prejudice and that KSEA be denied all relief requested therein;

b.   A judgment in favor of Stryker and against KSEA on all of KSEA's claims asserted in the Complaint;

c.   A judgment in favor of Stryker and against KSEA on all of Stryker's Counterclaims;

d.   A judgment declaring that Stryker has not infringed and does not infringe, either directly, contributorily, or through inducement, any of the claims of the '420 patent asserted by KSEA in this action;

e.   A judgment declaring that the claims of the '420 patent asserted by KSEA in this action are invalid, void, unenforceable, and without force and effect;

f.   A judgment declaring that Stryker has not infringed and does not infringe, either directly, contributorily, or through inducement, any of the claims of the '310 patent asserted by KSEA in this action;

g.   A judgment declaring that the claims of the '310 patent asserted by KSEA in this action are invalid;

h.   A judgment declaring that Stryker has not infringed and does not infringe, either directly, contributorily, or through inducement, any of the claims of the '530 patent asserted by KSEA in this action;

i.   A judgment declaring that the claims of the '530 patent asserted by KSEA in this action are invalid;

1    j.    A judgment declaring that Stryker has not infringed and does not infringe, either

2  directly, contributorily, or through inducement, any of the claims of the '657 patent asserted by

3  KSEA in this action;

4    k.    A judgment declaring that the claims of the '657 patent asserted by KSEA in this

5  action are invalid, void, unenforceable, and without force and effect;

6    l.    That KSEA be ordered to specifically perform its obligations under the

7  Agreement ███████████████████████████████████████████████████

8  ██████████████████████████████████████████████████████████

9    m.    That Stryker be awarded damages by reason of KSEA's breach of the Agreement,

10  breach of the implied covenant of good faith and fair dealing, breach of the Protective Order,

11  and/or fraud;

12    n.    That Stryker be awarded punitive damages based on KSEA's fraudulent and

13  wrongful conduct;

14    o.    That judgment be entered declaring this case to be "exceptional" and awarding

15  Stryker its reasonable costs and expenses in this action, including reasonable attorneys' fees

16  under 35 U.S.C. § 285 and other applicable statutes or laws; and

17    p.    That Stryker be awarded such other and further relief as this Court may deem just

18  and proper.

19

20    Dated: April 25, 2014

21

22                Respectfully submitted,

23                REED SMITH LLP

24

25                By /s/ William R. Overend
                  William R. Overend

26

27                Attorneys for Defendants,
                  STRYKER CORPORATION and

28                STRYKER COMMUNICATIONS, INC.

1

## **DEMAND FOR JURY TRIAL**

2   Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Stryker hereby demands trial by

3 jury on all issues triable by jury.

4

5   Dated: April 25, 2014

6

7           Respectfully submitted,

8           REED SMITH LLP

9

10          By  */s/ William R. Overend*

11          William R. Overend

12          Attorneys for Defendants,
           STRYKER CORPORATION and

13          STRYKER COMMUNICATIONS, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28