IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KARL STORZ ENDOSCOPY-AMERICA, INC., | No. C 14-0876 RS |
| Plaintiff, | **ORDER RESOLVING DEFENDANTS' ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL** |
| v. | |
| STRYKER CORPORATION, et al., | |
| Defendant. | |

In this patent infringement action, four separate motions for leave to file materials under seal are currently pending. (ECF Nos. 39, 54, 61, and 72). Each motion pertains to defendants' Answer, three versions of which have been lodged in this case. In particular, defendants seek to seal certain information regarding the terms of a prior settlement between the parties.

The commentary to Civil Local Rule 79-5, which governs such motions, notes that, "[a]s a public forum, the Court has a policy of providing to the public full access to documents filed with the Court." There is "a strong presumption in favor of access to court records" in both civil and criminal matters. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). As such, court records may only be sealed for "compelling reasons." *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). Rule 79-5 is designed to ensure that, when sealing is warranted, a redacted copy is filed and available for public review that has the *minimum redactions*

1 *necessary* to protect sealable information." *See* Commentary to Civil L. R. 79-5 (emphasis added).
2 Accordingly, parties must give particularized consideration to each exhibit or document prior to
3 requesting that it be sealed, whether in its entirety or through redactions.

4 Defendants' first motion to seal (ECF No. 39) is too broad. Instead of targeting discrete
5 pieces of sensitive information, it seeks to redact pages of non-sealable content from the Answer. It
6 also requests the court seal the prior settlement agreement in its entirety. That motion was
7 superseded, however, by a more narrowly-tailored motion (ECF No. 61) containing only "the
8 minimum redactions necessary" to ensure the confidential settlement information is shielded from
9 public view. *See id*. Defendants' other sealing motions (ECF Nos. 54 and 72) are similarly tailored
10 and supported by declarations explaining why sealing is appropriate.

11 Three of defendants' four sealing motions (ECF Nos. 54, 61, and 72) are hereby granted.
12 Defendants' first sealing motion (ECF No. 39), which was superseded and is now moot, is
13 terminated.

15 IT IS SO ORDERED.

17 Dated: 8/4/14

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE