Alfredo A. Bismonte (Cal. Bar. No. 136154)
Kimberly P. Zapata (Cal. Bar. No. 138291)
Jeremy M. Duggan (Cal. Bar No. 229854)
Beck, Bismonte & Finley, LLP
150 Almaden Blvd, 10th Floor
San Jose, CA 95113
Tel: (408) 938-7900
Fax: (408) 938-0790
Email: abismonte@beckllp.com
         kzapata@beckllp.com
         jduggan@beckllp.com

Wesley W. Whitmyer, Jr. (*pro hac vice*)
Benjamin J. Lehberger  (*pro hac vice*)
Benjamin C. White  (*pro hac vice*)
ST. ONGE STEWARD JOHNSTON & REENS LLC
986 Bedford Street
Stamford, Connecticut 06905
Tel: (203) 324-6155
Fax: (203) 327-1096
Email: wwhitmyer@ssjr.com
         blehberger@ssjr.com
         bwhite@ssjr.com
         litigation@ssjr.com

Attorneys for Plaintiff, Karl Storz
Endoscopy-America, Inc.

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| KARL STORZ ENDOSCOPY-AMERICA, INC. | **Case No. C 14-00876 RS** |
| Plaintiff, | **PLAINTIFF'S ANSWER TO STRYKER CORPORATION'S AND STRYKER COMMUNICATIONS, INC.'S AMENDED COUNTERCLAIMS** |
| v. | |
| STRYKER CORPORATION, AND STRYKER COMMUNICATIONS, INC. | **Hon. Richard Seeborg** |
| Defendants. | |

Plaintiff Karl Storz Endoscopy-America, Inc. ("KSEA"), through its counsel, hereby answers Stryker Corporation and Stryker Communications, Inc.'s (collectively "Stryker") Counterclaims included in Stryker's First Amended Answer and Counterclaims as follows:

**PARTIES**

1.   KSEA admits the allegations in paragraph 1.

2.   KSEA admits the allegations in paragraph 2.

3.   KSEA admits the allegations in paragraph 3.

**JURISDICTION AND VENUE**

4.   KSEA makes no answer to the allegations in paragraph 4 to the extent those allegations state legal conclusions rather than assertions of fact. To the extent a response is  required; KSEA admits that Stryker's Counterclaims purport to seek declaratory judgment of noninfringement, patent invalidity, and unenforceability arising under the Patent Laws of the United States, Title 35 of the United States Code.  KSEA further admits that some of Stryker's Counterclaims purport to seek relief under the laws of the State of California, but that, to KSEA's understanding, such Counterclaims were dismissed by the Court's October 3, 2014 Order Granting Motions to Strike and to Dismiss With Leave to Amend (Doc. 93) ("Order").

5.   KSEA admits that this Court has subject matter jurisdiction over Stryker's federal counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

6.   KSEA admits that the venue is appropriate in this District.  Except as expressly admitted, KSEA denies all other allegations set forth in paragraph 6.

**The Prior Litigation**

7.   KSEA admits that KSEA sued Stryker in the Western District of Tennessee in 2007, which suit was transferred to the Northern District of California in 2008 ("the Previous Suit").  KSEA further admits that KSEA and Stryker settled that lawsuit in 2012 by entering into

a Settlement Agreement ("the Agreement").  Except as expressly admitted, KSEA denies all

other allegations set forth in paragraph 7.

8.      KSEA admits that Stryker paid KSEA for a license to the patents at issue in the

Previous Suit.  Except as expressly admitted, KSEA denies all other allegations set forth in

paragraph 8.

9.      KSEA denies the allegations in paragraph 9.

10.     KSEA admits that the '657 patent issued in November 2010 and the '420 patent

issued in November 2011.  KSEA admits that the '657 patent and the '420 patent issued before

the parties entered into the Agreement.  KSEA is without information to form a belief as to the

remaining allegations in paragraph 10, and therefore denies the same.

## FIRST COUNTERCLAIM

### (Declaration of Noninfringement, Invalidity, and Unenforceability of the '420 Patent)

11.     KSEA incorporates by reference its responses to the preceding allegations of

paragraphs 1-10 as though set forth herein.

12.     KSEA admits the allegations in paragraph 12.

13.     KSEA denies the allegations in paragraph 13.

14.     KSEA denies the allegations in paragraph 14.

15.     KSEA makes no answer to the allegations in paragraph 15 as they relate to claims

that the Court has dismissed in the Order.  To the extent an answer is required, KSEA denies the

allegations.

16.     KSEA admits that a justiciable controversy exists between the Parties as to

infringement and validity of the '420 patent.  Except as expressly admitted, KSEA denies all

other allegations set forth in paragraph 16.

17.     KSEA denies the allegations in paragraph 17.

18.     KSEA denies the allegations in paragraph 18.

19.     KSEA denies the allegations in paragraph 19.

## SECOND COUNTERCLAIM

### (Declaration of Noninfringement and Invalidity of the '310 Patent)

20.     KSEA incorporates by reference its responses to the preceding allegations of paragraphs 1-19 as though set forth herein.

21.     KSEA admits the allegations in paragraph 21.

22.     KSEA denies the allegations in paragraph 22.

23.     KSEA denies the allegations in paragraph 23.

24.     KSEA admits that a justiciable controversy exists between the Parties as to infringement and validity of the '310 patent.  Except as expressly admitted, KSEA denies all other allegations set forth in paragraph 24.

25.     KSEA denies the allegations in paragraph 25.

26.     KSEA denies the allegations in paragraph 26.

27.     KSEA denies the allegations in paragraph 27.

## THIRD COUNTERCLAIM

### (Declaration of Noninfringement and Invalidity of the '530 Patent)

28.     KSEA incorporates by reference its responses to the preceding allegations of paragraphs 1-27 as though set forth herein.

29.     KSEA admits the allegations in paragraph 29.

30.     KSEA denies the allegations in paragraph 30.

31.     KSEA denies the allegations in paragraph 31.

32.     KSEA admits that a justiciable controversy exists between the Parties as to infringement and validity of the '530 patent.  Except as expressly admitted, KSEA denies all

other allegations set forth in paragraph 32.

33.     KSEA denies the allegations in paragraph 33.

34.     KSEA denies the allegations in paragraph 34.

35.     KSEA denies the allegations in paragraph 35.

**FOURTH COUNTERCLAIM**

**(Declaration of Noninfringement, Invalidity, and Unenforceability of the '657 Patent)**

36.     KSEA incorporates by reference its responses to the preceding allegations of paragraphs 1-35 as though set forth herein.

37.     KSEA admits the allegations in paragraph 37.

38.     KSEA denies the allegations in paragraph 38.

39.     KSEA denies the allegations in paragraph 39.

40.     KSEA makes no answer to the allegations in paragraph 40 as they relate to claims that the Court has dismissed in the Order.  To the extent an answer is required, KSEA denies the allegations.

41.     KSEA admits that a justiciable controversy exists between the Parties as to infringement and validity of the '657 patent.  Except as expressly admitted, KSEA denies all other allegations set forth in paragraph 41.

42.     KSEA denies the allegations in paragraph 42.

43.     KSEA denies the allegations in paragraph 43.

44.     KSEA denies the allegations in paragraph 44.

**FIFTH COUNTERCLAIM**

**(Declaration of Noninfringement, Invalidity, and Unenforceability of the '821 Patent)**

45.     KSEA incorporates by reference its responses to the preceding allegations of paragraphs 1-44 as though set forth herein.

46.     KSEA admits the allegations in paragraph 46.

47.     KSEA denies the allegations in paragraph 47.

48.     KSEA denies the allegations in paragraph 48.

49.     KSEA makes no answer to the allegations in paragraph 49 as they relate to claims that the Court has dismissed in the Order.  To the extent an answer is required, KSEA denies the allegations.

50.     KSEA admits that a justiciable controversy exists between the Parties as to infringement and validity of the '821 patent.  Except as expressly admitted, KSEA denies all other allegations set forth in paragraph 50.

51.     KSEA denies the allegations in paragraph 51.

52.     KSEA denies the allegations in paragraph 52.

53.     KSEA denies the allegations in paragraph 53.

**SIXTH COUNTERCLAIM**

**(Breach of Contract – Settlement Agreement)**

54. – 59.     KSEA makes no answer to the allegations in paragraphs 54-59 as they relate to a counterclaim that the Court has dismissed in the Order.  To the extent an answer is required, KSEA denies the allegations.

**SEVENTH COUNTERCLAIM**

**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

60. – 67.     KSEA makes no answer to the allegations in paragraphs 60-67 as they relate to a counterclaim that the Court has dismissed in the Order.  To the extent an answer is required, KSEA denies the allegations.

**EIGHTH COUNTERCLAIM**

**(Fraud)**

68. – 74.    KSEA makes no answer to the allegations in paragraphs 68-74 as they relate to a counterclaim that the Court has dismissed in the Order.  To the extent an answer is required, KSEA denies the allegations.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

A.  That Stryker's Amended Counterclaims be dismissed with prejudice;

B.  Adjudging that the '420, '310, '530, '657, and '821 patents are not invalid;

C.  Awarding Plaintiff all relief as set forth and prayed for in Plaintiff's Amended Complaint for Patent Infringement; and

D.  Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Dated: October 17, 2014                       _____/s/  Kimberly P. Zapata_____
                                              Alfredo A. Bismonte (Cal. Bar. No. 136154)
                                              Kimberly P. Zapata (Cal. Bar. No. 138291)
                                              Jeremy M. Duggan (Cal. Bar No. 229854)
                                              Beck, Bismonte & Finley, LLP
                                              150 Almaden Blvd, 10th Floor
                                              San Jose, CA 95113
                                              Tel: (408) 938-7900
                                              Fax: (408) 938-0790
                                              Email: abismonte@beckllp.com
                                                       kzapata@beckllp.com
                                                       jduggan@beckllp.com

                                              Wesley W. Whitmyer, Jr. (*pro hac vice*)
                                              Benjamin J. Lehberger (*pro hac vice*)
                                              Benjamin C. White (*pro hac vice*)
                                              ST. ONGE STEWARD JOHNSTON & REENS LLC
                                              986 Bedford Street
                                              Stamford, Connecticut 06905

Tel: (203) 324-6155
Fax: (203) 327-1096
Email: wwhitmyer@ssjr.com
blehberger@ssjr.com
bwhite@ssjr.com
litigation@ssjr.com

*Attorneys for Plaintiff, Karl Storz
Endoscopy-America, Inc.*