1

2

3

4                                    UNITED STATES DISTRICT COURT

5                                   NORTHERN DISTRICT OF CALIFORNIA

6

7    KARL STORZ ENDOSCOPY-AMERICA,                   Case No. 14-cv-00876-RS
     INC.,

8                       Plaintiff,

9           v.                                       **ORDER DENYING MOTION TO
                                                     LIMIT, MOTION FOR LEAVE TO FILE
10   STRYKER CORPORATION, et al.,                    MOTION FOR RECONSIDERATION
                                                     AND MOTION FOR CLARIFICATION**
11                      Defendants.

12
          Karl Storz Endoscopy-America, Inc. ("KSEA") requests various forms of miscellaneous
13
     relief styled as: (i) a motion for leave to file a motion for reconsideration of the August 11, 2016
14
     Case Management Scheduling Order, which requires KSEA to reduce the number of asserted
15
     claims or, alternatively, (ii) a motion for clarification that KSEA may assert additional claims on a
16
     showing of good cause, and (iii) a motion to limit the number of prior art invalidity theories
17
     asserted by Stryker Corporation and Stryker Communications, Inc. (collectively, "Stryker").
18
     These are case management issues.  They should be briefed and argued at the next case
19
     management conference.  As styled, KSEA's motions are improper and lack merit.  First, a motion
20
     for reconsideration, under Local Rule 7-9, is meant for contesting substantive legal orders, not
21
     scheduling orders.  Second, the relief sought by KSEA's motion for clarification is unnecessary.
22
     As Stryker notes, the August 11, 2016 order is a scheduling order and is therefore subject to
23
     Federal Rule of Civil Procedure 16.  Under that rule, "[a] schedule may be modified only for good
24
     cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Thus, the authority for KSEA to
25
     seek to modify the order for good cause already exists.  Third, the motion to limit prior art
26
     references is premature and KSEA provides no justification for resolving this issue outside of the
27

28

United States District Court
Northern District of California

1   normal case management context.[1]  For these reasons, KSEA's motions are denied.

2   **IT IS SO ORDERED**.

3

4   Dated: November 18, 2016

5   _____
    RICHARD SEEBORG

6   United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   _____
    [1] The next case management conference is scheduled for March 23, 2017.  KSEA argues that these

26   issues should be resolved before expert reports are due, but expert reports are not due until June
    2017.  In any event, specific scheduling concerns can be discussed at the case management

27   conference.

28
                                                    ORDER RE: MISCELLANEOUS RELIEF
                                                    CASE NO.  14-cv-00876-RS

United States District Court
Northern District of California