UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARL STORZ ENDOSCOPY-AMERICA, INC., <br><br>   Plaintiff, <br><br>   v. <br><br> STRYKER CORPORATION, et al., <br><br>   Defendants. | Case No. 14-cv-00876-RS  (JSC) <br><br> **ORDER RE: MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS** <br><br> Re: Dkt. Nos. 235, 236 |

Plaintiff Karl Storz Endoscopy-America, Inc. ("KSEA") sues its competitors, Stryker Corporation and Stryker Communications, Inc. (together, "Stryker"), for infringement of five patents directed at devices and components used in medical imaging devices and operating room communications technology. The matter has been referred to the undersigned magistrate judge for discovery purposes. (Dkt. No. 99.[1]) Now pending before the Court is KSEA's motion for leave to amend its infringement contentions. KSEA seeks leave to make four categories of amendments: (1) citations to documents produced by Stryker and third party Toshiba; (2) changes to make the contentions consistent with the district court's claim constructions; (3) narrowing of the accused products for the '821 Patent; and (4) clarifications of its prior contentions with additional references to documents. (Dkt. No. 236.) In addition, KSEA filed an administrative motion to seal portions of its motion and certain documents submitted in connection with its briefing. (Dkt. No. 235.) Having carefully considered the parties' submissions, and having had the benefit of oral argument on December 8, 2016, the Court GRANTS IN PART KSEA's motion for leave to amend its infringement contentions and GRANTS IN PART the administrative motion to file

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

under seal.

## BACKGROUND

KSEA served its initial infringement contentions on August 12, 2014 and provided Stryker with supplemental infringement contentions on October 31, 2014. (Dkt. No. 233-1 ¶ 7.) KSEA did not move for leave to amend its contentions at that time. Also on October 31, 2014, Stryker produced approximately 134,000 pages of documents, consisting of 106,000 pages of documents it had previously produced to KSEA in the parties' earlier litigation along with 18,000 pages of new documents. (Dkt. No. 240 at 8.) From December 2014 through March 2015, Stryker produced an additional 12,000 pages of documents. (*Id.*) Third party Toshiba also produced documents to KSEA in January and February 2015. (*Id.*) KSEA began its review of these produced documents from November 2014 through February 2015. (Dkt. No. 236 at 8.) The parties submitted their Patent Local Rule 4-3 joint claim construction statement on January 12, 2015, at which time both parties became aware of the claim constructions advocated by the opposing party. (Dkt. No. 111.)

On February 19, 2015, after filing petitions for *inter partes* review for each of the KSEA patents-in-suit, Stryker moved the district court to stay the litigation pending final resolution of the petitions by the United States Patent and Trademark Office. (Dkt. No. 119.) Stryker also sought to move the claim construction hearing in light of its motion to stay. (Dkt. No. 120.) On March 30, 2015, over KSEA's objections, the district court stayed the case pending the IPR process. (Dkt. No. 138.) KSEA thereafter postponed its document review pending the stay. (Dkt. No. 236 at 8.) The district court lifted the stay on January 5, 2016 after KSEA notified the court that each of the IPR proceedings for the patents-in-suit had terminated. (Dkt. Nos. 149, 151.)

After the stay lifted KSEA resumed its document analysis (*see* Dkt. No. 236 at 5), though KSEA does not describe the efforts it undertook or when any such analysis occurred. The parties also moved forward with claim construction, and the district court issued its claim construction order on July 5, 2016. (Dkt. No. 225.) In the parties' August 4, 2016 case management statement, KSEA indicated that it would "seek the Court's leave to amend its infringement contentions, which KSEA is currently updating in view of the Court's Claim Construction Order and Stryker's discovery responses." (Dkt. No. 227.) After the parties exchanged several communications and

2

1  met and conferred on August 19, 2016, KSEA provided Stryker with its proposed amended
2  infringement contentions on September 16, 2016.  (Dkt. No. 236 at 8; Dkt. No. 240 at 11.)  Stryker
3  responded that it would not object to certain amendments but that it would oppose other proposed
4  amendments, leading KSEA to file the instant motion for leave to amend its contentions.
5        Based on the current case schedule, fact discovery closes on March 16, 2017, expert
6  discovery closes on September 15, 2017, and trial is scheduled for June 4, 2018.  (Dkt. No. 230.)

**DISCUSSION**

**I.  Motion for Leave to Amend Infringement Contentions**

      Initially, Stryker, acting in good faith and in an attempt to compromise, has identified various amendments in green that it does not oppose.  (*See* Dkt. No. 240 at 12; Dkt. Nos. 239-1, 239-2.)  The Court thus grants KSEA leave to amend its contentions to add the unopposed amendments.  The Court next turns to whether KSEA has established good cause to amend its infringement contentions to include the challenged amendments, highlighted in yellow.

**A.  Legal Standard**

      The Patent Local Rules exist to further the goal of full and timely discovery and to provide all parties with adequate notice and information with which to litigate their cases.  *See Fresenius Med. Care Holdings, Inc. v. Baxter Int'l Inc.*, No. C 03-1431 SBA, 2006 WL 1329997, at *4 (N.D. Cal. May 15, 2006).  The Rules "require both the plaintiff and the defendant in patent cases to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365-66 (Fed. Cir. 2006).  Likewise, the Rules "require parties to crystallize their theories of the case early in litigation and to adhere to those theories once they have been disclosed."  *Id.* at 1366 n.12.  "Although federal courts are generally lenient in allowing parties to amend pleadings, such is not the case with amending preliminary infringement contentions."  *Berger v. Rossignol Ski Co.*, No. 05-02522, 2006 WL 1095914, at *2 (N.D. Cal. Apr. 25, 2006) (citation omitted).

      Specifically, Patent Local Rule 3-6 allows a party to amend its infringement or invalidity contentions only upon a showing of good cause:

> Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause. Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include:
>
> (a) A claim construction by the Court different from that proposed by the party seeking amendment;
>
> (b) Recent discovery of material, prior art despite earlier diligent search; and
>
> (c) Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

Patent L.R. 3-6.

The moving party has the burden of demonstrating good cause. *O2 Micro*, 467 F.3d at 1366. "[A]s a general rule, mistakes or omissions are not by themselves good cause." *Symantec Corp. v. Acronis Corp.*, No. 11-5310 EMC-JSC, 2013 WL 5368053, at *16 (N.D. Cal. Sept. 25, 2013) (citation omitted). Instead, the good cause inquiry is two-fold, asking: (1) whether the moving party was diligent in amending its contentions; and (2) whether the non-moving party would suffer prejudice if the motion to amend were granted. *Fujifilm Corp. v. Motorola Mobility LLC*, No. 12-cv-03587-WHO, 2014 WL 491745, at *3 (N.D. Cal. Feb. 5, 2014) (citation omitted); *Barco N.V. v. Tech. Props. Ltd.*, NO. 08-CV-05398, 2011 WL 3957390, at *1 (N.D. Cal. Sept. 7, 2011); *CBS Interactive, Inc. v. Etilize, Inc.*, 257 F.R.D. 195, 201 (N.D. Cal. 2009). Diligence is "the critical issue" in the good cause determination. *Sunpower Corp. Sys. v. Sunlink Corp.*, No. C08-02807 SBA (EMC), 2009 WL 1657987, at *1 (N.D. Cal. June 12, 2009). "[T]he diligence required for a showing of good cause has two subparts: (1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered." *Positive Techs., Inc. v. Sony Elecs.*, Inc., No. 11-cv-02226 SI, 2013 WL 322556, at *2 (N.D. Cal. Jan. 28, 2013). The party seeking to amend its contentions bears the burden of establishing diligence. *CBS Interactive*, 257 F.R.D. at 201 (citation omitted).

If the court determines that the moving party was not diligent, the inquiry may end there. *See Acer*, 2010 WL 3618687, at *5. However, the court retains discretion to grant leave to amend even in the absence of diligence so long as there is no prejudice to the opposing party. *See, e.g.,*

4

*Apple Inc. v. Samsung Elecs. Co.*, No. CV 12-00630 LHK, 2012 WL 5632618, at *5-6 (N.D. Cal. Nov. 15, 2012); *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. 10-cv-3724 CW, 2013 WL 5609325, at *3 (N.D. Cal. Oct. 11, 2013). "Courts have allowed amendments when the movant made an honest mistake, the request to amend did not appear to be motivated by gamesmanship, or where there was still ample time left in discovery." *Apple*, 2012 WL 5632618, at *5. Prejudice is typically found when amending contentions stand to disrupt the case schedule or other court orders. *See WhatsApp Inc. v. Intercarrier Commc'ns, LLC*, No. 13-cv-04272 JST, Dkt. No. 81, at 7 (N.D. Cal. Sept. 3, 2014).

### B. Good Cause

As the party seeking to amend its infringement contentions, KSEA bears the burden of demonstrating diligence. *O2 Micro*, 467 F.3d at 1366-67; *CBS Interactive*, 257 F.R.D. at 201 (citation omitted).

#### 1. KSEA's Diligence

For the reasons discussed below, the Court concludes that KSEA has not carried its burden of establishing diligence in discovering the bases for its proposed amendments.[2] The Court therefore does not address separately whether KSEA was diligent in moving for leave to amend.

##### a. Discovery of Confidential Information

KSEA first argues that it was diligent in discovering bases for amending its contentions based on its discovery of confidential information regarding the accused products. (Dkt. No. 236 at 8-9.) KSEA states that it "analyzed Stryker and Toshiba documents and asked Stryker to produce additional documents relevant to infringement" between November 2014 and February 2015. (Dkt. No 236 at 8.) Then, in light of Stryker's motion to stay pending its IPR petitions, KSEA postponed its review of produced documents from March 2015 until the case reopened in January 2016. (*Id.*) Even taking into account the stay, however, KSEA does not explain in any

---

[2] While the Court recognizes that Stryker disagrees with KSEA's categorization of the proposed amendments to its infringement contentions (*see* Dkt. No. 240 at 6 ("KSEA's amendments are more accurately characterized as falling into seven categories[.]")), the Court reaches the same result, i.e, KSEA was not diligent, regardless of which categorization is used. Accordingly, the Court discusses diligence based on the categories set forth in KSEA's moving papers.

United States District Court
Northern District of California

detail what work it undertook after the stay was lifted in January 2016 nor does it discuss when any such work occurred.  Instead, KSEA's counsel declares only that, "[s]ince the case reopened, KSEA, its attorneys, and experts have spent significant time and effort supplementing reviewing and analyzing Stryker and Toshiba documents, seeking additional discovery and documents, and supplementing its contentions." (Dkt. No. 236-1 ¶ 4.)  With this record, the Court is unable to determine whether KSEA was diligent from November 2014 through February 2015 or from January 2016 through August 2016, the date KSEA finally informed the district court and Stryker that it intended to seek leave to amend its contentions.[3]  The burden is on KSEA to establish diligence; its failure to provide the Court with any details regarding its review of the Stryker and Toshiba documents is insufficient to carry this burden.  The Court therefore concludes that KSEA was not diligent in discovering the bases for amendments based on confidential documents.

### b. Claim Construction

KSEA next contends that it was diligent in discovering bases for amending its contentions based on the district court's claim construction order (Dkt. No. 225) issued on July 5, 2016.  (*See* Dkt. No. 236 at 9-11.)  According to KSEA, Patent Local Rule 3-6(a) "expressly allows parties to show good cause upon '[a] claim construction by the Court different from that proposed by the party seeking amendment.'"  (*Id.* at 9.)  Stryker responds that "where a court adopts the opponent's proposed claim construction, the moving party's diligence is measured from when the moving party received that construction, not the issuance of the court's claim construction order." (Dkt. No. 240 at 15.)  Thus, Stryker argues, because "[t]he constructions the Court adopted . . . were either verbatim or truncated versions of constructions exchanged between KSEA and Stryker on January 12, 2015," KSEA's diligence should be measured from January 2015 and not July 2016.  (*Id.*)

The parties' competing arguments highlight the split of authority in this District on the interpretation of Patent Local Rule 3-6(a).  Under the date-of-disclosure rule, "many judges in the

---

[3] While KSEA did give notice to Stryker in October 2014 that it intended to supplement its contentions, Stryker has indicated it does not object to the proposed amendments from that time. KSEA did not give notice of its new amendments until at least August 2016.

6

Northern District . . . have determined that 'where the court adopts the opposing party's proposed claim construction, the moving party's diligence, without which there is no good cause, is measured from the day the moving party received the proposed constructions, not the date of issuance of the Court's claim construction opinion." *Word to Info Inc. v. Facebook Inc.*, No. 15-CV-03485-WHO, 2016 WL 6276956, at *4 (N.D. Cal. Oct. 27, 2016) (citation omitted; collecting cases). On the other hand, under the date-of-order rule, "several courts in this district have rejected the date-of-disclosure rule and have instead measured diligence from the date of the claim construction order." *Id.* (collecting cases).

Because diligence is a fact-specific inquiry, neither rule is the correct rule to apply in all circumstances. Under the specific facts of this case, where, as discussed below, the constructions adopted by the district court were substantially identical to constructions proposed either by Stryker or KSEA, the Court finds that KSEA's diligence should be measured from the date of disclosure—that is, January 12, 2015—and not the date of the district court's claim construction order. The *Word to Info* court's reasoning is instructive. There, the court noted that several cases following the date-of-order rule "address[ed] how to measure diligence when the court adopts its own claim construction, rather than how to measure diligence where the court adopts the opposing party's proposed claim construction." *Word to Info*, 2016 WL 6276956, at *4 (citation and internal quotations omitted). The plaintiff nevertheless urged that the date-of-order rule should apply because the court had adopted a modified version of the opposing party's construction. The court noted that, "[w]hile [the plaintiff] correctly points out that a modified construction may make the date-of-order rule appropriate, the level and manner of modification is important." *Id.* In particular, the court found that "the date-of-order rule only applies to a modified construction if the modification is material." *Id.* Because the court had not materially modified the defendant's proposed construction, it concluded that the date-of-disclosure rule should apply. *Id.*; *see also Swanson v. ALZA Corp.*, No. C 12-4579 PJH, 2014 WL 4441161, at *2 (N.D. Cal. Sept. 9, 2014) (rejecting date-of-order rule and finding no good cause, where "apart from deleting the 'slight dip' limitation from ALZA's proposed construction, the court did not significantly modify that construction").

So too here. KSEA first argues that the district court's construction of three claim terms—"timing generator," "controller," and "can only control devices that do not have safety-related functions"—differed materially from KSEA's proposed constructions during the claim construction process. (Dkt. No. 236 at 9-10.) As Stryker points out, however, the district court's adopted constructions of these terms were essentially identical to—and not materially different from—Stryker's proposed constructions, which KSEA had knowledge of no later than January 12, 2015. (*See* Dkt. No. 240 at 4-5 (table comparing the parties' and the district court's constructions).[4]) And KSEA fares no better with respect to the other two claim terms—"camera head" and "a memory device . . ."—because, as KSEA admits, the district court "either adopted KSEA's proposed construction[], or did so with minor alterations." (Dkt. No. 236 at 11.) In short, the district court's constructions did not differ materially from the constructions proposed by the parties and KSEA must therefore demonstrate diligence from January 12, 2015. KSEA has not done so, even taking into account the stay of the litigation.

With respect to the first three constructions, KSEA asserts that it "began its investigation into bases for its amendments when the parties exchanged claim terms and continued its investigation following the Court's claim construction" (Dkt. No. 242 at 13), but it provides no details or specific dates regarding its investigation, again leaving the Court with no basis to determine whether KSEA could or should have discovered such bases for amendment earlier. Counting just the time since the stay was lifted, KSEA fails to account for at least the six months from January 2016 until the July 2016 claim construction order. As for the two terms for which the district court adopted KSEA's constructions, KSEA cannot dispute that it should have discovered such bases for amendment well before the district court's claim construction order. Accordingly, KSEA was not diligent in discovering its bases for amendment based on claim construction.

---

[4] The district court adopted verbatim Stryker's proposed constructions of "controller" and "can only control devices that do not have safety-related functions." (*See* Dkt. No. 240 at 5.) The district court's construction of "timing generator" differs from Stryker's proposed construction only in that Stryker's proposed limitation (3) was removed. This removal, however, was immaterial, as the district court found that "[p]art three of Stryker's construction appears redundant of part one, and therefore is unnecessary." (Dkt. No. 225 at 9-10.)

#### c.     Discovery of Bases for Minor Amendments

KSEA lastly argues that it was diligent in discovering a variety of bases for minor amendments to infringement contentions. (Dkt. No. 236 at 11-12.) For these amendments, KSEA makes vague assertions of diligence and, as above, fails to provide the Court with any specific dates with which to determine whether it was in fact diligent. For example, KSEA seeks to amend the definition of "Accused Instrumentality" for the '821 patent "based upon [KSEA's] close review of Stryker's confidential technical documents" (*id.* at 11), but KSEA does not state when such review occurred. Similarly, KSEA asserts that certain proposed amendments based on documents and screenshots from Stryker's websites "are minor, and were discovered during KSEA's continual analysis of its infringement contentions" (*id.* at 11), but again provides no information as to the timing of its analysis. Nor does KSEA explain why it did not find earlier the admittedly public documents that it "fortunately discovered" in August 2016. (*See id.* at 12.) Without this missing information, the Court cannot conclude that KSEA was diligent.

### 2.     Prejudice to Stryker

While the amendment inquiry generally ends when the moving party fails to show diligence, *see Acer*, 2010 WL 3618687, at *5, "even if the movant was arguably not diligent, the Court may still grant leave to amend." *OpenDNS, Inc. v. Select Notifications Media, LLC*, No. C11-05101 EJD (HRL), 2013 WL 2422623, at *2 (N.D. Cal. June 3, 2013) (citation omitted); *Linex Techs., Inc. v. Hewlett-Packard Co.*, No. C13-159 CW, 2013 WL 5955548, at *1 (N.D. Cal. Nov. 16, 2011); *see, e.g., U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. C 10-3724-CW, 2013 WL 5609325, at *3 (N.D. Cal. Oct. 13, 2011) (despite lack of diligence, permitting amendment due to lack of prejudice); *Apple v. Samsung Elecs. Co.*, No. CV 12-00630 LHK, 2012 WL 5632618, at *6 (N.D. Cal. Nov. 15, 2012) (same); *Leland Stanford Junior Univ.*, 2008 WL 624771, at *3 (same).

Here, Stryker makes four arguments as to why it will be prejudiced if KSEA's amendments are allowed. First, Stryker argues that the sheer volume of KSEA's proposed changes alone demonstrates prejudice. (Dkt. No. 240 at 28.) Stryker's complaint appears to be that it would be forced to engage in a substantial amount of additional work if the amendments are

9

allowed. But as the Court previously found in allowing Stryker to amend its invalidity contentions, a party having to perform more work than it would have to perform otherwise is not prejudice. (Dkt. No. 198 at 15-16 (citations omitted).) Moreover, with fact discovery closing in March 2017 and expert discovery closing in September 2017, Stryker has enough time to perform whatever work it needs to address KSEA's new contentions.

Second, Stryker asserts prejudice based on the fact that it already relied on KSEA's allegedly deficient infringement contentions during the claim construction period and during the *inter partes* review process. (Dkt. No. 240 at 28.) This argument is persuasive as it relates to KSEA's proposed amendments that add new infringement theories for the '821, '310, and '530 patents. As Stryker puts it, KSEA seeks to add new infringement theories for these patents based on the district court's constructions of "can only control devices that do not have safety-related functions" ('821 patent) and "timing generator" ('310 and '530 patents). (*See id.* at 17.[5]) Stryker would be prejudiced here because it identified the claim terms that it wanted the district court to construe in reliance on the theories of infringement in KSEA's contentions. If KSEA had set forth different infringement theories (as it seeks to now), Stryker may very well have selected different terms for construction. Such prejudice to Stryker is unjustified where KSEA has been on notice of the constructions since January 2015 (when Stryker first proposed them) and warrants denying leave as to these amendments. *See Dynetix Design Sols. Inc. v. Synopsys Inc.*, No. CV 11-05973 PSG, 2012 WL 6019898, at *3 (N.D. Cal. Dec. 3, 2012) ("Because the proposed amendment would leave [the defendant] prejudiced by its previous claim term choices,[ ]the prejudice here requires that the request by [the plaintiff] be denied.").

Third, Stryker contends that the proposed amendments would add complexity because they include new accused products and infringement theories. (Dkt. No. 240 at 28-29.) As already discussed, the Court agrees that the new infringement theories prejudice Stryker and should not be allowed. However, the Court is not persuaded that KSEA's proposed amendments to the accused products would expand the scope of the case as Stryker argues. For example, with respect to the

---

[5] The Court agrees with Stryker's reasoning that the proposed amendments would introduce new infringement theories.

10

'420 patent, Stryker complains that KSEA's earlier contentions "asserted merely that '[t]he SwichPoint Infinity 3 system includes a computer,'" but now "KSEA seeks to add an assertion that '[t]he SPI3 device itself contains a PC [and f]urther, SPI3 system includes' three more PCs, the 'Aux PC, PACS PC, [and] Nurse PC.'" (*Id.* at 20-21 (brackets in opposition brief).)  Replacing KSEA's original contention regarding a general "computer" with the identification of specific PCs appears to narrow, as opposed to broaden, the infringement contentions.  Thus, no prejudice exists as to the accused product amendments.

Fourth, Stryker argues that the amendments appear to display gamesmanship because "KSEA repeatedly claims to 'narrow' the accused products while its amendments would clearly broaden them." (Dkt. No. 240 at 29-30.)  The Court is not prepared to conclude that KSEA's amendments are motivated by gamesmanship based on the parties' differing characterizations—narrowing or broadening—of the proposed amendments.  Nor does the timing of KSEA's motion for leave evidence gamesmanship, as there is still ample time left for discovery and trial is not set to occur until June 2018, almost two years from the time when KSEA first provided its proposed amended infringement contentions to Stryker for review.

\* \* \*

In sum, while KSEA was not diligent in discovering its bases for amendment or moving the Court for leave to amend, the Court concludes that the stage of the litigation alleviates the prejudice that Stryker may suffer, with the exception of KSEA's attempts to change its infringement theories for the '821, '310 and '530 patents.  The case schedule provides Stryker with sufficient opportunity to analyze, challenge, and rebut the assertions set forth in KSEA's amended infringement contentions.  Accordingly, the Court in its discretion GRANTS IN PART KSEA's motion for leave to amend its infringement contentions.

## II.    Administrative Motion to File Under Seal

There is a presumption of public access to judicial records and documents.  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  "It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public. [Federal Rule of Civil Procedure] 26(c) authorizes a district court to override this presumption where 'good

1  cause' is shown." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir.
2  1999). Sealing is appropriate only where the requesting party "establishes that the document, or
3  portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection
4  under the law." Civ. L.R. 79-5(a). A party may meet this burden by showing that the information
5  sought to be withheld creates a risk of significant competitive injury and particularized harm. *See*
6  *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2006). A party may also meet this
7  burden by establishing that information contains trade secrets that create a risk of significant
8  competitive injury and particularized harm, *see Apple, Inc. v. Psystar Corp.*, 658 F.3d 1150, 1161-
9  62 (9th Cir. 2011) (citation omitted), or where disclosure of the information would violate a
10 party's legitimate privacy interest that similarly leads to such risk, *see, e.g.*, *Landmark Screens,*
11 *LLC v. Morgan, Lewis & Bockius LLP*, No. C08-2581 JF (HRL), 2010 WL 3221859, at *5 (N.D.
12 Cal. Aug. 13, 2010). Whatever the grounds, a party must "narrowly tailor" its request to sealable
13 material only. *Id.*
14    Here, KSEA seeks to seal portions of Exhibit A to the declaration of Michael J. Kosma as
15 they contain information designated by Stryker as HIGHLY CONFIDENTIAL – ATTORNEY'S
16 EYES ONLY under the Stipulated Protective Order. (Dkt. No. 115.) Pursuant to Civil Local Rule
17 79-5(e), as designee of the purportedly confidential information, Stryker has submitted the
18 declaration of Michael J. Carrozza in support of KSEA's administrative motion to file under seal.
19 (Dkt. No. 239.) Stryker "requests that some, but not all, of the portions requested by KSEA be
20 sealed" and provides a new version of Exhibit A with Stryker's proposed redactions. (*Id.* ¶ 3.)
21 Stryker asserts that "the information sought to be sealed constitutes Stryker's highly confidential
22 technical information about the accused products" and that "[p]ublic disclosure of this information
23 would create a substantial risk of adversely affecting Stryker's business." (*Id.* ¶ 6.) The Court has
24 reviewed the proposed redactions and agrees that they disclose Stryker's confidential information.
25 Further, the proposed redactions are narrowly tailored to seal only such confidential information.
26 The Court therefore GRANTS IN PART KSEA's administrative motion to file Exhibit A under
27 seal. KSEA shall file Exhibit A with Stryker's proposed redactions on the public docket by
28 December 30, 2016.

**CONCLUSION**

For the reasons stated above, the Court GRANTS IN PART KSEA's motion for leave to amend its infringement contentions; the motion is DENIED IN PART as to the new infringement theories for the '821, '310, and '530 patents. The Court GRANTS IN PART the administrative motion to file under seal as set forth above and ORDERS KSEA to file Exhibit A to the Kosma declaration on the public docket by December 30, 2016.

This Order disposes of Docket Nos. 235 and 236.

**IT IS SO ORDERED.**

Dated: December 21, 2016

JACQUELINE SCOTT CORLEY
United States Magistrate Judge