UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARL STORZ ENDOSCOPY-AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> STRYKER CORPORATION, et al., <br><br> Defendants. | Case No. 14-cv-00876-RS (JSC) <br><br> **ORDER RE: DISCOVERY DISPUTES** <br><br> Re: Dkt. Nos. 254, 255 |

The Court is in receipt of two joint discovery letter briefs.[1] (Dkt. No. 254, 255.[2]) Both pertain to the third supplemental discovery responses to Interrogatory No. 4 that Plaintiff Karl Storz Endoscopy-America ("KSEA") recently provided to Defendants Stryker Corporation and Stryker Communications, Inc. (together, "Stryker"). In the first dispute, Stryker asks the Court to strike the conception date range KSEA alleged for the '420 patent. In the second, Stryker requests that the Court (1) strike portions of KSEA's interrogatory response that use the phrase "by at least" to allege conception and reduction to practice dates; and (2) compel KSEA to identify specific dates of first disclosure, first use, first sale, and first offer for sale. Having considered the parties' submissions, and having had the benefit of oral argument on April 13, 2017, the Court grants Stryker's requests as set forth below.

## BACKGROUND

KSEA initiated this action more than three years ago, alleging that Stryker's medical

---

[1] This case has been referred to the undersigned magistrate judge for discovery purposes. (Dkt. No. 99.)

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers as the top of the page.

imaging devices and operating room communication technology infringes KSEA's patents. (Dkt. No. 1.) There are four patents-in-suit in this case.[3] (*See id.* ¶¶ 11-15; *see also* Dkt. No. 255-1 at 1 n.2.) On June 17, 2014, Stryker served Interrogatory No. 4 on KSEA, which asked KSEA to identify, among other things, the date on which its named inventor allegedly conceived, reduced to practice, disclosed, publicly used, sold, and offered to sell the claimed subject matter of the patents-in-suit and to identify documents that supported such contentions. (*See* Dkt. No. 254 at 1; Dkt. No. 255 at 1; Dkt. No. 255-1 at 9.)

KSEA's first two responses to Interrogatory No. 4 did not identify particular dates for conception or reduction to practice. (*See* Dkt. No. 255-1 at 9-11.) In KSEA's second supplemental response, served in August 2016, KSEA provided Bates-stamp ranges for documents that it contended would permit Stryker to ascertain the requested information. (*Id.* at 11-12.) KSEA also asserted that the claimed subject matter of the patents-in-suit was reduced to practice "at least as early as" the filing dates of the asserted patents, but still did not include particular conception dates. (*Id.* at 12; *see also* Dkt. No. 67-1—67-5 (for filing dates of each patent).)

On December 30, 2016, KSEA served its First Supplemental Disclosure of Asserted Claims and Infringement Contentions pursuant to Patent Local Rules 3-1 and 3-2. (*See* Dkt. No. 255-1 ¶ 2; *id.* at 5-7.) There, KSEA identified the filing dates as the priority dates for the '530 patent and noted that the '420 patent did not claim priority to an earlier application. (*Id.* at 5.) For the Patent Rule 3-2 document production, KSEA provided Bates-stamp ranges responsive to all Patent Rule 3-2 topics together for each patent and reserved the right to rely on additional documents discovered later. (*Id.* at 6-7.)

More than two months later, KSEA served a third supplemental objection and response to Interrogatory No. 4. There, it represents for the first time that the '420 patent was conceived "in or around late 2002 to early 2003." (*Id.* at 13.) According to KSEA, this new conception date is based on documents KSEA recently discovered while searching its own employee's emails. (*See*

---

[3] Specifically, the patents alleged in the amended complaint include United States Patent Nos. 8,069,420 ("the '420 patent"), 7,461,310 ("the '310 patent"), 7,821,530 ("the '530 patent"), 7,844,657 ("the '657 patent"), and 8,439,821 ("the '821 patent"). (Dkt. No. 67 ¶¶ 11-15.) KSEA is no longer asserting the '657 patent. (*See* Dkt. No. 255 at 1 n.2.)

2

Dkt. No. 254 at 4.) KSEA again asserts that the other patents-in-suit were conceived "by at least" their filing dates. (*Id.* at 13; Dkt. No. 67-1—67-5.) For example, it contends that "the claimed subject matter of the '310 and '530 patents was conceived of and reduced to practice . . . by at least December 28, 2001." (Dkt. No. 255-1 at 13.) In addition, KSEA represents that it was "not aware of any public disclosures, sales, offers for sale, or public use of the claimed inventions" of each patent before their respective filing dates. (*See* Dkt. No. 255-1 at 13; Dkt. No. 67-1—67-5.) KSEA also provides the same Bates-stamp range of documents in response to Interrogatory No. 4 generally. (*See* Dkt. No. 255-1 at 13.)

Fact discovery closes in September 2017, and expert discovery closes in January 2018. (Dkt. No. 253.) Trial is set for October 2018. (*Id.*)

Stryker now seeks to (1) strike the conception date range KSEA recently provided for the '420 patent; (2) strike the language "by at least" from the conception dates for the other patents-in-suit; and (3) compel KSEA to identify specific dates of first disclosure, first use, first sale, and first offer for sale. (Dkt. Nos. 254, 255.)

**DISCUSSION**

**I.     The Newly Asserted Conception Date Range for the '420 Patent**

Stryker first takes issue with the '420 patent conception date range asserted in KSEA's third supplemental response to Interrogatory 4. Stryker contends that if KSEA wished to rely on a conception date earlier than the '420 filing date, it should have identified the date in its Patent Local Rule 3-1 infringement contentions and accompanying Rule 3-2 document production.

Patent Local Rule 3.1 requires disclosure of a priority date for any patent that claims priority to an earlier application; it does not require identification of a conception date. Patent L.R. 3-1(f). Patent Local Rule 3-2, however, explicitly requires the patent holder to disclose "all documents" evidencing, among other things, the conception and reduction to practice of each claimed invention, that were created on or before the patent filing date. Patent L.R. 3-2(b). KSEA's Rule 3-2 disclosure did not include the documents it now claims evidence conception earlier than the '420 patent filing date as it contends it only recently became aware of the emails. Thus, until last month, KSEA has represented that the '420 conception date was the patent filing

3

date.

The Local Rules required KSEA to advise Stryker more than two years ago if it was claiming a conception date earlier than the '420 filing date. Patent L.R. 3-2(b). It did not. Moreover, it also failed to advise Stryker of the earlier claimed conception date for almost three years in response to Stryker's interrogatory specifically asking for the '420 patent conception date. KSEA has no excuse for its tardiness. The documents upon which it seeks to rely have been in its control since before this action was initiated. It was obligated to search for "all documents" regarding conception *before* it served its Patent Local Rule 3-2 disclosure. That it chose not to search its own emails until more than two years after the action was filed was just that: a choice. Accordingly, its belated disclosure must be stricken. *See OpenTV, Inc. v. Apple Inc.*, No. 15-cv-02008-EJD (NC), 2016 WL 3196643, at *2 (N.D. Cal. June 9, 2016); *Thought, Inc. v. Oracle Corp.*, No. 12-cv-05601-WHO, 2015 WL 5834064, at *5 (N.D. Cal. Oct. 7, 2015); *Harvatek Corp. v. Cree, Inc.*, No. 14-5353-WHA, 2015 WL 4396379, at *3 (N.D. Cal. July, 15, 2015).

KSEA's lack of diligence is not a mere technicality; it has prejudiced Stryker's defense of this matter. According to Stryker, KSEA's new conception date range predates all five of Stryker's anticipatory prior art references. As other courts have noted, untimely alleged early conception dates prejudice the accused infringer where the new date range pre-dates the accused infringer's prior art. *See, e.g.*, *OpenTV, Inc.*, 2016 WL 2196643, at *2 (citation omitted); *see also id.* at *1-2 (noting that the newly asserted conception date pre-dated some of the accused infringers prior art, but not relying on that in its analysis); *Thought, Inc.*, 2015 WL 5834064, at *5 (noting that "many of [the accused infringer's] theories of invalidity rely on prior art, which is heavily affected by the conception date"). Further, for more than two years Stryker has defended this action and designed its strategy based on KSEA's representation that the '420 patent conception date was the filing date. That is prejudice in and of itself. Stryker's alternative defense that the invention was actually offered for sale in September 2002 does not render KSEA's disclosure timely. Again, that is an alternative defense that Stryker developed with the understanding that KSEA was claiming the filing date as the conception date.

To allow KSEA at this late stage in the litigation to assert a new, earlier conception date

4

would conflict with "the spirit of the patent local rules[,]" which "is to ensure early crystallization of the parties' theories, and specifically, to place the burden on the plaintiff to quickly decide on and disclose the contours of its case." *OpenTV, Inc.*, 2016 WL 3196643, at *3 (citations omitted). Accordingly, the Court grants Stryker's request to strike the newly asserted conception date range for the '420 patent. KSEA must live with its years-long representation that the conception date of the '420 patent is the filing date, at least to the extent that any earlier date is based upon documents or information that KSEA has had access to since this lawsuit was filed.

## II. The "By at Least" Conception and Reduction to Practice Dates for all Patents-in-Suit

For all of the other patents-in-suit, KSEA asserts in its March 2017 third supplemental response to Stryker's Interrogatory No. 4 conception and reduction to practice "by at least" certain dates—namely, filing or claimed priority dates. Stryker seeks to strike the phrase "by at least" from the interrogatory responses. The Court agrees. Interrogatory No. 4 asks KSEA to identify "the date" when the claimed subject matter was first reduced to practice and "the date" of conception; it does not ask for a possible range. As KSEA conceded at oral argument, the dates set forth in the response are the dates known at this time. Accordingly, the Court strikes the language "by at least" from KSEA's responses to Interrogatory No. 4.

## III. Dates of Disclosure, Sale, or Public Use

Interrogatory No. 4 also asked for "the date when the claimed subject matter was first disclosed, whether orally or in writing, by the inventor(s)" and when it was "first on sale, offered for sale, and in public use, and the circumstances surrounding such sale, offer for sale, and use[.]" (Dkt. No. 255-1 at 9.) For the reasons discussed at oral argument, KSEA shall supplement its response to Interrogatory No. 4 within 30 days of the date of this Order.

**IT IS SO ORDERED.**

Dated: April 17, 2017

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

5