UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARL STORZ ENDOSCOPY-AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> STRYKER CORPORATION, et al., <br><br> Defendants. | Case No. 14-cv-00876-RS (JSC) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL** <br><br> Re: Dkt. No. 262 |

Defendants have asserted an advice-of-counsel defense to Plaintiff's claim that they willfully violated the '310 Patent and '530 Patent. In connection with that defense, they produced a redacted opinion letter from counsel and a redacted patent screening report for the product at issue. Plaintiffs move to compel production of the documents in unredacted form. After reviewing the documents *in camera*, and having had the benefit of oral argument on June 23, 2017, the Court GRANTS in part and DENIES in part the motion.

**DISCUSSION**

"[W]hen an alleged infringer asserts its advice-of-counsel defense regarding willful infringement of a particular patent, it waives its immunity for any document or opinion that embodies or discusses a communication to or from it concerning whether that patent is valid, enforceable, and infringed by the accused." *In re Echostar Communications Corp.*, 448 F.3d 1294, 1304 (Fed. Cir. 2006). The produced opinion letter analyzes whether Defendants' 1488 camera infringes the '310 and '530, as well as a patent not at issue in this litigation. Defendants redacted the opinion as to the patent not at issue. The Court agrees with the redactions to the opinion letter. *Echostar* holds that the advice-of-counsel defense for a particular patent waives the privilege for opinions, discussions and the like regarding "that patent." *Id.* That Defendants'

attorneys analyzed the different patents in the same document makes no difference; the Court has reviewed the opinion letter and the opinion as to the patent not at issue is easily excised.

The cases Plaintiff's cite do not hold otherwise. None state that a waiver as to the opinion as to one patent is a waiver as to an opinion as to a patent that is not at issue. *See, e.g., Celerity, Inc. v. Ultra Clean Holding, Inc.*, 476 F. Supp. 2d 1159, 1166 (N.D. Cal. 2007) *(*a defendant "waives its immunity for any document or opinion that embodies or discusses a communication to or from it concerning whether *that patent* is valid, enforceable, and infringed by the accused). *Aveka LLC v. Mizuno Corp.*, 243 F.Supp. 2d 418 (M.D.N.C. 2003), holds that "the court should always be careful to apply waiver on a case-by-case basis and, therefore, it is possible that advice as to other patents and defenses could become relevant." *Id*. at 422. The court went on to hold that "in the instant case, defendants only assert a defense of willfulness based on non-infringement and no basis has been present for expanding the scope of the waiver. Therefore, only that part of defendants' attorney-client communications has been waived by defendants." *Id.* Same here. Stryker is relying on an advice-of-counsel defense to Plaintiff's charge of willful infringement of the '310 and '530 patents by the 1488 Camera. Only that part of Defendants' attorney-client communications have been waived. Indeed, the cases to specifically address the issue have held that a waiver of an opinion as to one patent is not a waiver as to a patent not at issue. *See, e.g., Sharper Image Corp. v. Honeywell Int'l, Inc.*, 222 F.R.D. 621, 646 (N.D. Cal. 2004).

The result is different for the Patent Screening Report. Defendants offer the Report as evidence that they screened for possible infringing patents before marketing the 1488 camera. The screen was not as to a particular patent, the screen was for any patent that might affect the 1488 Camera. To redact certain references that were considered by the screener improperly parses the Screener's efforts and discloses some of those efforts but hides others. Accordingly, Defendants must produce Exhibit B in unredacted form. However, Plaintiff is cautioned that Defendants' identification of a patent during the screening process does not waive any opinion as to that patent

//

//

//

if it is not a patent at issue in this lawsuit.

This Order disposes of Docket No. 262.

**IT IS SO ORDERED.**

Dated: June 23, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge