UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KARL STORZ ENDOSCOPY-AMERICA, INC.,

Plaintiff,

v.

STRYKER CORPORATION, et al.,

Defendants.

Case No. 14-cv-00876-RS (JSC)

**ORDER RE: KSEA'S MOTION TO COMPEL INTERROGATORY RESPONSES AND FOR SANCTIONS**

Re: Dkt. No. 322

KSEA moves to compel Stryker to respond further to interrogatory nos. 5 and 6 and also moves for sanctions. After reviewing the parties' submissions, including the excerpts of the deposition of Mr. Robinson, KSEA's motion is DENIED. First, Mr. Robinson had relevant information which is demonstrated by the answers given at the day-long deposition; it was not a waste of KSEA's time. Second, If KSEA wanted specific answers to each question asked it should have served a Rule 30(b)(6) deposition notice. Stryker then would have been obligated to prepare witnesses to answer questions about previously identified topics. That was not done here.

As an aside, the Court notes that Stryker's counsel complained on the deposition record that KSEA's counsel was asking "bad questions all day." If Stryker's counsel had a concern that the witness could not understand the questions, the proper response is to raise that concern in a polite, professional way. To retort that counsel has been asking "bad questions all day" is neither.

Finally, the motion to seal Exhibit G is DENIED. Stryker seeks to seal information that is not remotely sealable under Civil Local Rule 79-5(b). For example, the publicly-known features of a product are not sealable. That someone has been at every sale meeting is not confidential. Stryker has not shown why identifying its legacy product is a trade secret. The testimony regarding whether the deponent was the most knowledgeable is not sealable and, more

importantly, was publicly discussed by Stryker in its letter brief.  And so on.

This Order disposes of Docket Nos. 322, 323, 324.

**IT IS SO ORDERED.**

Dated: November 13, 2017

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge