UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARL STORZ ENDOSCOPY-AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> STRYKER CORPORATION, et al., <br><br> Defendants. | Case No. 14-cv-00876-RS (JSC) <br><br> **ORDER RE: STRYKER'S MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS** <br><br> Re: Dkt. Nos. 335, 336, 342 |

Defendants Stryker Corporation and Stryker Communications, Inc. (together, "Stryker") move to amend its invalidity contentions to include (1) Karl Storz's Telecam, Tricam, and Endovision XL endoscopic video cameras as state-of-the-art-references; (2) the Endovision XL endoscopic video camera as a basis for obviousness; (3) additional support for Stryker's existing contentions regarding the Alpha O.R. system; (4) additional installations of the Alpha O.R. system as reasons why claims 3 and 81 of the '420 patent are obvious; and (5) additional support for Stryker's existing contentions regarding KSEA's installation of the claimed subject matter of the '420 patent at UCLA's CASIT facility. (Dkt. No. 336 at 4:15-22.) At oral argument on December 21, 2017, Stryker withdrew amendment number two pertaining to the Endovision XL camera. Plaintiff Karl Storz Endoscopy-America (KSEA) does not oppose amendments three, four, or five. (Dkt. No. 343 at 4, n.2.) Therefore, Stryker's request to include amendments three, four, and five is GRANTED. Request one is DENIED for the reasons stated on the record.

Stryker moves to file under seal exhibits 4, 10, 15, and 26 to the Carrozza Declaration. (Dkt. No. 335.) Pursuant to Civil Local Rule 79-5, KSEA filed a declaration clarifying that only portions of exhibits 4, 10, and 15 contain KSEA's confidential information, and that exhibit 26 need not be filed under seal as it does not contain any of KSEA's confidential information. (Dkt.

1 | No. 340.)

2 | KSEA moves to file under seal portions of its opposition brief and exhibits C, D, E, H, I, and K in their entirety. (Dkt. No. 342.) Pursuant to Civil Local Rule 79-5, Stryker responded to KSEA's motion, clarifying that portions of exhibit E are publicly available and requesting that the Court file only exhibit E's nonpublic information under seal. (Dkt. No. 345.)

The Court has reviewed the proposed redactions and Rule 79-5 declarations and agrees the documents disclose confidential business information. *See* Civ. L.R. 79-5(a) (sealing is appropriate only where the requesting party "establishes that the document, or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law"); *Apple, Inc. v. Psystar Corp.*, 658 F.3d 1150, 1161- 62 (9th Cir. 2011) (a party may meet their burden to show a document is privileged by establishing the information contains trade secrets that create a risk of significant competitive injury and particularized harm). Therefore, the Court GRANTS in part and DENIES in part Stryker and KSEA's motions to file under seal. The redacted portions of exhibits 4, 10, and 15 shall be filed under seal. Exhibit 26 shall not be filed under seal as it does not contain KSEA's confidential information. The redacted portions of KSEA's opposition shall be filed under seal. Exhibits C, D, H, I, and K shall be filed under seal in their entirety. Exhibit E shall filed under seal with Stryker's proposed redactions containing non-public information.

This Order disposes of Docket. Nos. 335, 336, and 342.

**IT IS SO ORDERED.**

Dated: December 21, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge