UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| KARL STORZ ENDOSCOPY-AMERICA, INC., | Case No. 14-cv-00876-RS (JSC) |
|---|---|
| Plaintiff, | **AMENDED ORDER RE STRYKER'S MOTION TO STRIKE EXPERT REPORT** |
| v. | |
| STRYKER CORPORATION, et al., | Re: Dkt. Nos. 359, 360, 361, 365 |
| Defendants. | |

Plaintiff Karl Storz Endoscopy-America ("KSEA") alleges Defendants Stryker Corporation and Stryker Communications, Inc. (together, "Stryker") infringes four KSEA patents. Now pending before the court is Stryker's motion to strike portions of KSEA's expert reports. (Dkt. No. 360.)[1] Having carefully reviewed the parties' briefing and having had the benefit of oral argument on March 29, 2018, the Court GRANTS in part and DENIES in part Stryker's motion.

## BACKGROUND

KSEA recently served five opening expert reports: Eric J. Gould Bear, Albert Juergens, Frank D'Amelio, Kurtis Keller, and Frank A. Bernatowicz. (Dkt. Nos. 359-7, 359-8, 359-9, 359-10, 360-6.) The deadline for the completion of expert discovery is April 12, 2018. (Dkt. No. 292 at 2.)

## DISCUSSION

Stryker requests the Court (1) strike the expert report of Eric J. Gould Bear and preclude Mr. Gould Bear from testifying, (2) strike new theories from the expert report of Albert Juergens that were not disclosed in KSEA's infringement contentions, (3) strike boilerplate statements

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

about the doctrine of equivalents from the expert reports of Mr. D'Amelio, Mr. Keller, and Mr. Juergens and preclude KSEA from asserting infringement under the doctrine of equivalents, and (4) strike theories of damages from the report of Frank Bernatowicz based on products that KSEA did not accuse of infringement.

At oral argument KSEA agreed that it will not rely upon: (1) the phrase "including multiple instances of each" from paragraph 213 of Mr. Juergens' expert report as to the "plurality of camera heads" limitation, (2) its experts' opinions regarding the doctrine of equivalents, and (3) Mr. Bernatowicz's projected damages calculations for products not accused of infringement. Therefore, Stryker's requests to strike these items from the expert reports are GRANTED. The Court shall proceed to review Stryker's remaining challenges: striking Mr. Gould Bear's report in its entirety and Mr. Juergens' report as to the "memory devices" limitation.

**1.    Mr. Gould Bear's Report**

Stryker argues Mr. Gould Bear's opines in his expert report as to infringement of claim 3 of the '420 patent, but provides no analysis as required by the Federal Rules and therefore should be stricken in its entirety. Stryker also insists that Mr. Gould Bear should also be precluded from testifying about infringement.

Under Rule 26(a)(2), a party must disclose, as directed by the court, its expert witnesses and a report that "contain[s] a complete statement of all opinions to be expressed and the basis and reasons therefor." Rule 37, in turn, provides that if a party fails to provide the information required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1); *see also Yeti by Molly Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir. 2001) ("Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed."). The burden of proving an excuse is on the party facing sanctions. *See Yeti*, 259 F.3d at 1107.

Mr. Gould Bear's report includes six sections: (1) introduction, (2) summary of conclusions, (3) background and qualifications, (4) materials reviewed, (5) legal principals and

methods, and (6) conclusion. (Dkt. No. 360-6 at 3.) Mr. Gould Bear does not provide any analysis regarding how "the accused products literally include each element of Claims 1, 2 and 3 of the '420 Patent." (*Id*. at 15 ¶ 35). Even Mr. Gould Bear's description of his process is conclusory: "I have analyzed literal infringement with respect to each limitation of the asserted patent claim, comparing the accused products – in their ordinary and intended uses – to the invention described in the patent claim they are alleged to infringe. When analyzing a dependent claim, I determined whether the allegedly infringing products include each and every element of the dependent claim, the independent claim from which it depends and all intermediate dependent claims." (*Id*. at 14-15 ¶ 32.) Mr. Gould Bear fails to explain *how* he determined the allegedly infringing products include each element of the dependent claim. Instead, Mr. Gould Bear simply states that he "determined."

The only explanation Mr. Gould Bear provides is that he studied the materials identified in section four "materials reviewed" and performed the "analysis described herein" measured against the standards in section five, "legal principals and methods." While Mr. Gould Bear cites to specific items for materials reviewed and legal principals and methods, he fails to reference where the reader can find his "analysis described herein." After a complete review of Mr. Gould Bear's report the Court concludes Mr. Gould Bear has not provided the basis and reasons for his expert opinions regarding the alleged infringement of the asserted claim of the '420 patent.

KSEA argues Mr. Gould Bear "considered dozens of public and confidential documents regarding the accused Stryker product and KSEA's patented user interface" as well as KSEA's infringement contentions and the documents Stryker identified as providing the most accurate description of its product. However, the review of certain documents does not meet the requirement under Rule 26 to describe the "reasons and basis" for his expert opinion.

Next, KSEA argues Mr. Gould Bear "compared the accused products with the claim that KSEA asserts is infringed, as a person of skill in the art at the time of the invention would understand the meaning of the patent claims" by following a set of rules outlined in his report. This, however, is a description of Mr. Gould Bear's *process*, not a description of his *reasons* for arriving at his conclusion.

3

Third, KSEA argues Mr. Gould Bear read and agreed with Mr. Keller's report regarding Styker's infringement of the same patent, and explicitly stated, "I reviewed the December 21, 2017 Expert Report of Kurtis Keller pertaining to Stryker's infringement of the '420 Patent. His report reflects my understanding of the facts and I agree with the entirety of his report, including his analysis of the intrinsic and extrinsic evidence." Mr. Bear, however, fails to explain *why* he agrees with Mr. Keller's report.

Because Stryker has shown that KSEA failed to meet its obligations under Rule 26, the burden now shifts to KSEA to show that its failure to provide Mr. Gould Bear's analysis was "substantially justified or harmless."

KSEA makes no attempt to argue that its failure to disclose Mr. Gould Bear's reasoning was substantially justified. Instead it argues that the lack of reasoning in Mr. Bear's report is substantially harmless because Stryker is taking Mr. Gould Bear's deposition. But that is not how Federal Rule 26 works. It requires each expert to provide its "reasons and basis." To conclude that a deposition can substitute for the reasoning and analysis in an expert report would render Rule 26(a)(2)(B)(i) meaningless. Indeed, "the purpose of the expert disclosure rule is to 'provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses.'" *Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision Care, Inc.,* 725 F.3d 1377, 1381 (Fed. Cir. 2013). Stryker's failure to provide Mr. Gould Bear's basis for his conclusions harms Stryker because it cannot effectively prepare its questioning for Mr. Bear's deposition or counter Mr. Bear's reasoning with its own experts. Finally, KSEA urges the Court to consider the factors in *Wanderer v. Johnson*, 910 F.2d 652 (9th Cir. 1990). However, the five factors in *Wanderer* are what courts apply when considering whether a dismissal of default is appropriate under Rule 37, not whether an expert report should be stricken. *Id*. at 656. It is therefore inappropriate to consider the *Wanderer* factors in this context.

As such, Stryker's request to strike Mr. Gould Bear's report and preclude him from testifying about the alleged infringement of the '420 patent is granted.

**2. Mr. Juergens' Report - "Memory device"**

KSEA's infringement contentions allege that the "memory device" limitation in each

4

asserted claim of the '310 and '530 patents is met by two components in Stryker's 1488 camera: SRAM and ROM. Stryker argues Mr. Juergens' expert report, however, alleges that the "memory device" limitation is met by *three* components: SRAM, ROM, and CMOS Registers. Thus, Stryker asserts Mr. Juergens added "CMOS Registers" as a new component that meets the "memory device" limitation.

Stryker's request to strike "CMOS Registers" as a new component of the "memory device" limitation is denied. KSEA agrees that the limitation is met by SRAM and ROM only. Indeed, at oral argument counsel for Stryker admitted Mr. Juergens recently testified at his deposition that the "memory device" limitation was met by the ROM component. Given there is no dispute that "CMOS Registers" does not meet the "memory device" limitation, Stryker's request to strike is DENIED.

### 3. Motions to File Under Seal

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "It is well-established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public. [Federal Rule of Civil Procedure] 26(c) authorizes a district court to override this presumption where 'good cause' is shown." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999). Sealing is appropriate only where the requesting party "establishes that the document, or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law." N.D. Cal. Civ. L.R. 79-5(a). A party may meet this burden by showing that the information sought to be withheld creates a risk of significant competitive injury and particularized harm. *See Phillips v. Gen Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2006). A party may also meet this burden by establishing that the information contains trade secrets that create a risk of significant competitive injury and particularized harm, *see Apple, Inc. v. Psystar Corp.*, 658 F.3d 1150, 1161-62 (9th Cir. 2011) (citation omitted), or where disclosure of the information would violate a party's legitimate privacy interest that similarly leads to such risk, *see, e.g.*, *Landmark Screens, LLC v. Morgan, Lewis & Bockius LLP*, 2010 WL 3221859, at *5 (N.D. Cal. Aug. 13, 2010). Whatever the grounds, a party must "narrowly tailor" its request to

sealable material only. *Id.*

KSEA moves to seal portions of its opposition and Exhibit C, and the entirety of Exhibit E. (Dkt. No. 361 at 2:14-16.) The portions of KSEA's opposition sought to be sealed concern quoted portions of KSEA's infringement contentions and Mr. Juergens' expert report. The portions sought to be sealed from Exhibit C, Mr. Juregens' rebuttal expert report, concern technical information regarding Stryker's products. Exhibit E, the rebuttal report of Stryker's expert Jordan Christoff, also concerns technical information concerning Stryker's accused products.

The Court grants KSEA's motion as to the portions in its opposition and Exhibit C as the redactions are narrowly tailored and concern sensitive product information. The Court denies KSEA's motion as to Exhibit E. Several sections of Mr. Christoff's report are not confidential technical information that warrant sealing; in particular, Mr. Christoff's introduction, billing rate, the information he considered, and the legal standards Mr. Christoff applied. KSEA may resubmit its request as to Exhibit E with more narrowly tailored redactions.

Stryker moves to seal portions of its motion and Exhibit 8, as well as Exhibits 1, 4, 5, 6, 7 in their entirety. (Dkt. No. 359 at 2: 4-7.) Stryker also moves to seal portions of its reply brief. (Dkt. No. 365.) Stryker's motions are granted as to the motion, Exhibit 8, and reply brief given the redactions are narrow and contain confidential technical information concerning Stryker's products. Stryker's motion to file Exhibit 1, KSEA's first supplemental disclosure of asserted claims and infringement contentions, under seal in its entirety is also granted given the infringement contentions contain detailed technical descriptions of the accused products. Stryker's request to seal Exhibits 4-7 in their entirety is denied. Exhibits 4-7 constitute the expert reports of Mr. Juergens, Mr. D'Amelio, Mr. Keller, and Mr. Bernatowicz. Similar to the report of Mr. Christoff, several sections of Stryker's expert reports are not technical or confidential information that warrant sealing; in particular, the introduction, billing rate, information considered in each report. Stryker may resubmit its request as to Exhibit 4-7 with more narrowly tailored redactions.

## CONCLUSION

For the reasons described above, Stryker's motion to strike is GRANTED in part and

6

DENIED in part. (Dkt. No. 360.) Stryker's motion to file portions of its reply brief under seal is granted. (Dkt. No. 365.) Stryker's request to file its motion and Exhibits 1, 4, 5, 6, 7, and 8 is granted in part and denied in part. (Dkt. No. 359.) KSEA's motion to seal is granted in part and denied in part. (Dkt. No. 361.)

This Order disposes of Docket Nos. 359, 360, 361, and 365.

**IT IS SO ORDERED.**

Dated: March 30, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge